UTICA,
Aug. 1828.

Wardell
v.
Pinney.

WARDELL and others *vs.* PINNEY.

THIS was an action of assumpsit on a promissory note, tried at the Herkimer circuit, before the Hon. Nathan Williams, one of the circuit judges.

The declaration, after stating the making of a certain promissory note by the defendant, proceeded as follows: "And then and there delivered the said note to the said plaintiffs, by which said note the said defendant promised to pay, four months after the date thereof, to the order of the said plaintiffs, at the Mohawk Bank, $179 13, for value received." The note produced and proved on the trial, was payable to the order of *Wardell, Van Buren & Co.* and the plaintiffs proved that they composed a firm, and transacted business as grocers under that name. The defendant objected that there was a variance between the note produced and that described in the declaration. A verdict was taken for the plaintiffs, subject to the opinion of this court. The case was submitted on written arguments.

*Where a promissory note is declared on as payable to the order of the plaintiffs, and the note produced on the trial is payable to them, but in their partnership name, it is no variance, although it is not alleged in the declaration that the note was thus made payable, or that the plaintiffs were partners, provided the fact be shewn on the trial that the plaintiffs compose the firm to whom the note is made payable,*

*P. De Witt,* for plaintiffs. The note is set out in the declaration according to its legal effect. It is declared on, as payable to the plaintiffs, and the plaintiffs are proved to be known by the name of the payees of the note; there is therefore no mis-description. In an action by a plaintiff of the name of *Willis,* as the payee of a promissory note, when the note produced was payable to *Willison,* evidence was received that the plaintiff was intended. (2 *Stwrkie,* 29. 3 *Campb.* 29.) In an action on a promissory note against *Christopher* B., a note signed with the abbreviation of *Christ.* B. was admitted in evidence, on proof that such was the usual and ordinary way in which the defendant signed his name. It was not shewn that there were any other persons than the plaintiffs, who were known by the name mentioned in the note : not a shade of doubt was raised as to their right to recover, under the note.

*N. S. Benton,* for defendant. The declaration commencing in the name of Owen Wardell, Samuel Van Buren and Charles Wardell, and averring that by the note set forth the defendant promised to pay to the order of *the said plaintiffs,* virtually alleged that the note in its terms was payable to the order of Owen Wardell, Samuel Van Buren and Charles Wardell. It is not averred that the note was made payable to the order of the plaintiffs, in the name of their firm, nor that they were partners and transacted business under such name : there was therefore a fatal variance between the note described and that produced. (1 *Chitty's Pl.* 307. 4 *T. R.* 611. 3 *Bos. & Pul.* 562. 4 *T. R.* 314. 8 *Johns. R.* 256. 7 *Johns. R.* 468.) In the declaration, it should have been averred that the plaintiffs were partners, doing business under a particular name and firm. (1 *Caines,* 192.)

*By the Court,* SAVAGE, Ch. J. The declaration contained a count on a note, payable *to the order of the plaintiffs.* The note produced was payable *to the order of Wardell, Van Buren & Co.* This was objected to on the ground of variance, but received subject to the opinion of this court. It was proved that the plaintiffs were partners, doing business as merchants under the firm of *Wardell, Van Buren & Co.* Had the declaration stated the note as given to the plaintiffs, by the name, style and description of Wardell, Van Buren & Co., there would have been no ground of objection. (3 *Caines,* 170.) There was, surely, no variance : the plaintiffs were shewn to be known by the description of the payees in the note, and I can see no objection to such testimony. In *Wood* v. *Bulkley,* (13 *Johns. R.* 486,) a note signed *Christ.* Bulkley, was held to prove an averment of a note made by *Christopher* Bulkley, it being proved that the defendant usually abbreviated his name in that manner.

This case does not come within the principle of the case of the *Manhattan Company* v. *Ledyard,* (1 *Caines,* 192.) When an act is done by one of a firm, in the name of the firm, then it is proper to aver the partnership; and evidence that one of the firm made an instrument, using the partnership name, is sufficient to support an averment that the firm made the

instrument. When, therefore, a note is made payable to a firm, evidence that the plaintiffs compose the firm to whom the note is made, is sufficient to rebut any objection of a variance arising from the fact that it is not made payable to the plaintiffs by their individual names.

<div style="text-align:center">Judgment for plaintiffs.</div>