ANDREWS *against* WILLIAMS :

IN ERROR.

It is not necessary to state a promise in the words of it ; but it is sufficient to state it according to its effect.

Therefore, where the declaration averred, that the defendant promised to deliver certain articles to the plaintiff, at the public sign-post in *W. Old Society ;* and the proof was, a writing, by which the defendant promised to deliver those articles, at the public sign-post in *W. Centre*, accompanied by parol proof, that *W. Old Society* and *W. Centre* were the same place ; it was held, that there was no variance.

In declaring on a contract, it is sufficient to state the entire consideration, and the entire act to be done ; and the rest of the contract, which only respects the liquidation of damages, after a right to them has accrued, by a breach of the contract, may be given in evidence to the jury, but is not necessary to be shewn to the court, on the face of the record.

Therefore, where the declaration alleged a promise by the defendant to deliver certain articles, specifically named, without stating their value, and the proof was, a writing, by which the defendant promised to deliver the same articles, " being of the value of 75 dollars ;" it was held, that there was no variance.

THIS was an action brought by *Jesse Williams*, a constable, against *Daniel Andrews,* upon a receipt, stating, that the plaintiff had an execution in favour of *Nathaniel Snell* against *Augustus Andrews*, which he levied on " one new two-horse wagon and two new harnesses," the estate of the debtor, and posted them " on the public sign-post in *Winchester Old Society,* so called, in the town of *Winchester*, that being the society in which said goods were taken, by virtue of said execution ;" that at the defendant's request, the plaintiff delivered said wagon and harnesses to him, for safe keeping ; and that the defendant, in consideration thereof, delivered him a certain writing, or receipt, dated *July* 18th, 1833, wherein the defendant acknowledged the receipt of said wagon and harnesses, and promised to re-deliver the same to the plaintiff, at said sign-post, on the 7th of *August*, 1833, or pay all damages ; alleging non-performance, &c.

On the trial in the county court, on the general issue, the plaintiff offered in evidence a writing in the following words : " Received, at *Winchester*, the 18th of *July*, 1833, of *Jesse Williams*, constable, one new two-horse wagon and two har-

nesses, new, being of the value of 75 dollars; which property has this day been taken, by said *Williams,* in said capacity, by virtue of an execution in favour of *Nathaniel Snell* against *Augustus Andrews;* all of which property I promise to re-deliver to said *Williams,* at the public sign-post in *Winchester Centre,* in said town of *Winchester,* on the 7th day of *August,* 1833, or pay the said *Williams* all damages.

*Daniel Andrews.*"

In connexion with this writing, the plaintiff offered parol evidence to prove, that the public sign-post in *Winchester Old Society* and the public sign-post in *Winchester Centre,* were one and the same; these being convertible terms. To the admission of the writing and the parol evidence the defendant objected; but the court admitted them. The plaintiff obtained a verdict; and the defendant, having filed a bill of exceptions, brought a writ of error in the superior court; which was reserved for the advice of this court.

*Holabird,* for the plaintiff in error. 1. The plaintiff below declares upon an undertaking to deliver the property at the public sign-post in *Winchester Old Society;* whereas, the writing offered in evidence proves an undertaking, on the part of the defendant, to deliver the property at the public sign-post in *Winchester Centre,* a different place. Now, the place *Old Society* is clearly *descriptive* of the contract; and as the evidence offered proves a contract entirely different from the one declared upon, the variance is fatal. *De Kentland* v. *Somers,* 2 *Root,* 437. *Whitwell* v. *Bennett,* 3 *Bos. & Pul.* 559. *Wilson* v. *Gilbert,* 2 *Bos. & Pul.* 281. *Waugh* & ux. v. *Bussell,* 5 *Taunt.* 707. *Mathews* & al. v. *Dickinson,* 7 *Taunt.* 399. *Wraight* v. *Kitchingman,* 1 *Stra.* 201. *Turvill* v. *Aynsworth,* 2 *Stra.* 787. *Kearney* v. *King,* 2 *Barn. & Ald.* 301. *Scandover* v. *Warne,* 2 *Campb.* 270. *Craig* v. *Brown, Pet. C. C. Rep.* 139. In all these cases, the particular person or place averred, was the same person or place proved; yet the instruments of proof, which were matters of record, specialty, or simple contract, described the person or place by terms different from those averred; and the descriptive identity not being thereby supported, the court, in each case, held the variance fatal.

*Litchfield,*
June, 1836.

Andrews
*v.*
Williams.

2. The plaintiff below has declared, that he delivered the property into the hands of the defendant, and that the defendant, in consideration thereof, executed and delivered to the plaintiff a certain writing or receipt, wherein he acknowledged, &c., and promised, &c., without any allegation of the value of the property : whereas, the writing offered in evidence to prove the declaration, and which contains the entire contract upon which the action is brought, says : " Received, &c. one new two-horse wagon and two harnesses, new, *being of the value of 75 dollars.*"   The value of the property is a prominent part of the consideration, on which the defendant's promise was founded. The *entire* consideration, then, is not stated ; and, there is, therefore, a fatal variance, in this respect, and in describing the writing.   *Saxton* & al. v. *Johnson,* 10 *Johns. Rep.* 418. *Rossiter* v. *Marsh,* 4 *Conn. Rep.* 196.   *Rees* v. *Morgan,* 3 *Term Rep.* 349.   *Andrews* v. *Whitehead,* 13 *East* 102. *Blakey* v. *Dixon,* 2 *Bos. & Pul.* 321.   *Clark* v. *Gray,* 6 *East* 564. 568.   *Hendrick* v. *Seeley,* 6 *Conn. Rep.* 176. *Watson* v. *Osborne,* 8 *Conn. Rep.* 364.   *Russell* v. *South Britain Society,* 9 *Conn. Rep.* 509.

3. That the court below erred in admitting parol evidence in connection with the receipt.   A latent ambiguity may be removed, by parol evidence, to direct the application of words &c. ; but a patent ambiguity, if removed, must be done by construction.   Here, there is no ambiguity or defect in the instrument declared on, or the receipt which contains the contract of the defendant ; and can the pleader, when in difficulty, by reason of a palpable mis-description of the instrument or contract declared on, aid himself, by the introduction of parol evidence ?   Where a variance occurs, which, without extrinsic explanation, would be fatal, an averment of identity is necessary to warrant such evidence.

*L. Church* and *Hall,* contra, contended, 1. That there is no variance where the contract proved, agrees, *in substance and effect,* with the one stated in the declaration.   3 *Stark. Ev.* 1563—5.   *De Forest* v. *Brainerd,* 2 *Day* 528.   *Barbe* v. *Parker,* 1 *H. Bla.* 283.   1 *Sw. Dig.* 601.   *Parker* & al. v. *Palmer,* 4 *Barn. & Ald.* 387.   (6 *Serg. & Lowb.* 455.) *Silver* v. *Heseltine,* 1 *Chitt. Rep.* 39.   (18 *Serg. & Lowb* 23.)

2. That there is no material variance, though different terms are used, where the place alleged and the one proved refer to one and the same thing, and are commonly known and called, by the same name. 3 *Stark. Ev.* 1566, 7. 1574, 5. *Wood* v. *Bulkley*, 13 *Johns. Rep.* 486. *Burbridge* v. *Jakes*, 1 *Bos. & Pul.* 225. *Kirtland* v. *Pounsett*, 1 *Taun.* 570. *Goodtitle* d. *Brembridge* v. *Walter*, 4 *Taun.* 671.

3. That where there are two places of the same name, or the same place is known by different names, there is a latent ambiguity, which may be explained by parol evidence. *Baugh* v. *Read*, 1 *Ves. jun.* 259. 3 *Stark. Ev.* 1015. & seq. 1028. et passim.

4. That it is not necessary to have an averment under which the parol evidence is to be introduced. *Wadsworth* v. *Ruggles*, exr. 6 *Pick.* 63. 68. 3 *Stark. Ev.* 1567.

WILLIAMS, Ch. J. The receipt exhibited, it is said, is variant from that described in the declaration, because the promise alleged is to deliver the articles taken, at the sign-post in *Winchester Old Society*, and the receipt is to deliver them at the sign-post in *Winchester Centre*. The defendant in error says, that *Winchester Old Society* and *Winchester Centre* are one and the same place. If so, an allegation that they were to be delivered at *Winchester Old Society*, is satisfied, by proof that the promise was to deliver them at *Winchester Centre ;* just as if an allegation was made of a thing to be done in *Washington*, and the proof was, that it was to be done at the seat of government of the *United States*. The law does not require a promise to be stated in the words of it ; but it must be stated according to its effect. Here, the law required, that these goods should be posted and sold in the society wherein they were taken. That they might be there on the day of sale, this receipt was given. If the sign-post in *Winchester Centre* was the sign-post in the *Old Society* in *Winchester*, then a promise to deliver at the sign-post in *Winchester Centre*, must be a promise to deliver at the sign-post in the first society ; so that the promise proved must be the same as that alleged. Suppose no receipt had been given, and the promise was alleged as it now is ; and the witness called said, that the defendant promised to deliver them at *Winchester Centre*, and added, that though such was the language used, yet the par-

ties must have meant at the sign-post in the first society, because that is the only place called *Winchester Centre*: it could not admit of a doubt, that the promise alleged was proved.

Such seems to the court the true construction of this contract. Nor are we without authorities upon this subject. Where a plaintiff declared upon a contract to deliver stock upon the 27th of *February*, and the proof was, that it was to be delivered upon *settling day*, it was held good, proof being given that settling day was fixed for, and understood by the parties to mean, the 27th of *February*. *Wickes* v. *Gordon*, 2 *Barn. & Ald.* 335. S. C. 1 *Chitt. Rep.* 60. So, where the contract alleged in the declaration, was for sound merchantable gum senegal, similar to a sample; and the contract exhibited was for rough gum senegal, which had not been garbled; it was claimed, that this was a fatal variance. But it being shown in evidence, that all gum senegal, when it arrives in *England*, is called *rough*, it was held, that there was no variance. *Silver* v. *Heseltine*, 1 *Chitt. Rep.* 39. (18 *Serg. & Lowb.* 23.) If the evidence was properly admitted, there can be no doubt that the contract was, in effect, if not in words, to deliver these articles, at the sign-post in *Winchester Old Society*, as stated in this declaration.

It is said, however, that this evidence is not admissible. This objection proceeds either upon the ground that such testimony is not admissible to contradict or explain a written instrument, or because no foundation is laid for it in the declaration.

As to the former. It is not to contradict the instrument; for it is in entire consistency with it. It is not to enlarge or extend it, but merely to point out the place referred to by it—to do what is constantly done with regard to deeds—to point out the lands described therein.

Cases somewhat analogous, but more doubtful, have often occurred. Thus, where a deed was given of half the farm on which the grantor dwelt, proof was admitted to show what land was occupied by him. *Doolittle* v. *Blakesley*, 4 *Day* 265. So whether parcel of the thing demised, may always be shewn. *Doe* d. *Freeland* v. *Burt*, 1 *Term Rep.* 701. 2 *Stark. Ev.* 1026. n. And in the case of *Silver* v. *Heseltine*, the evidence was admitted, apparently without objection, and is made the ground of the decision in the case. In giving his opinion,

*Abbott,* Ch. J., says : " From the evidence given, I think the insertion of that word (*rough*) does not import a commodity of a different description." And *Bayley,* J. says : " The contract laid in the declaration, *as connected with the evidence,* imports that the gum senegal was to be *rough.*"

As to the other objection, that there is no allegation in the declaration adapted to the fact of the different names of this sign-post. It does not appear in *Wickes* v. *Gordon,* that there was any allegation that *settling day* was on the 27th of *February.* And in *Silver* v. *Heseltine,* it does appear, expressly, that the declaration was for sound merchantable gum senegal, and not for rough senegal, which had not been garbled. It would seem, therefore, as if this objection was equally unfounded.

But a case in the state of *New-York,* (*Wardell* & al. v. *Pinney,* 1 *Wend.* 217.) meets this objection most directly, as well as other objections in this case. That was an action in the name of *Owen Wardell, Samuel Van Buren* and *Charles Wardell,* on a promissory note, made by the defendant, payable to the order of the plaintiffs, for 179 dollars, 13 cents, value received. The note exhibited was payable to the order of *Wardell, Van Buren & Co.* It was objected to, on the ground of variance. It was proved, that the plaintiffs were partners, doing business under the name of *Wardell, Van Buren & Co.*; and the court held that evidence sufficient to rebut any objection of a variance, arising from the fact that it was payable to the plaintiffs, by their individual names.

It is further claimed, by the plaintiff in error, that the receipt could not be given in evidence, because the declaration has omitted to state, that the property was valued therein at the sum of 75 dollars. The declaration does not purport to recite the writing ; nor is it necessary that it should. The plaintiff must set out all that is material of the contract, for the breach of which he declares ; (*Parker* & al. v. *Palmer,* 4 *Barn. & Ald.* 388. 6 *Serg. & Lowb.* 456.) the entire consideration for the act, and the entire act which is to be done in virtue of such consideration ; and the rest of the contract, which only respects the liquidation of damages, after a right to them has accrued, by a breach of contract, is matter proper to be given in evidence to the jury in reduction of damages, but not necessary to be shewn to the court, in the first instance, on the face of the re-

*Litchfield,
June 1836.*

*Williams.
v.
Andrews*

cord.    Such is the language of Lord *Ellenborough*, in the case of *Clarke* v. *Gray* & al., 6 *East,* 564. 570.; and if it had been intended for this case, it could not have been better adapted.

It was said, that the value was part of the description; and therefore, must be stated.    If by this is meant the description of the written instrument referred to, then every word and letter in it might be considered as descriptive, and as tending to identify it.    This would prove that the whole instrument should be recited; a practice condemned, in strong terms, by Lord *Mansfield.*   " Nothing," says he, " is more desirable for the court, than precision, and for the parties, than brevity."    It is sufficient to state the substance and legal effect.    *Bristow* v. *Wright, Doug.* 666.

If it be said, that the value is descriptive of the property, it is difficult to see how the fact that the wagon and two sets of harnesses being valued at 75 dollars, would, in any measure, be descriptive of those several articles.

Upon the whole, the court are entirely satisfied, that there is no solid foundation for the objections made to the evidence in the court below; and therefore, advise the superior court, that there is no error in the judgment of the county court.

In this opinion the other Judges concurred.

Judgment to be affirmed.