TAYLOR *v.* COQUILLARD.

</div>

In a suit by *Alexis Coquillard* on a promissory note averred in the declaration to be payable to the plaintiff, a note payable on its face to *A. Coquillard* is admissible evidence.

And the possession by the plaintiff, *Alexis Coquillard,* of a note payable on its face to *A. Coquillard,* is *prima facie* evidence that the plaintiff is the payee of the note.

ERROR to the *St. Joseph* Circuit Court.

BLACKFORD, J.—*Alexis Coquillard* sued *Israel Taylor* in debt on a promissory note bearing date, &c.; by which note, as averred in the declaration, the maker promised to pay *the plaintiff* the sum of, &c. The general issue was pleaded and the cause tried by the Court.

The note offered in evidence was payable on its face to

*A. Coquillard;* and the defendant objected to its admission on account of the variance, but the objection was overruled. There was no evidence introduced but the note; and the plaintiff obtained a judgment.

The first question is,—was there a fatal variance? The averment that the note was made to the plaintiff, does not necessarily mean that it was made to him by the name of *Alexis Coquillard.* The averment may be true, although the note appear on its face to be payable to *A. Coquillard.* It does not appear but that the names are the same, and there cannot, therefore, be any material variance. If the abbreviation could not be understood to denote the plaintiff's christian name, as if the suit were by *John Coquillard,* there would be more plausibility in the objection. The declaration might have been more particular, and have stated the note to be payable to the plaintiff by the name and description of *A. Coquillard,* but such a statement was not necessary. *Wardell et al.* v. *Pinney,* 1 Wend. 217.—*Jones* v. *Mars et al.* 2 Campb. 305.

Another objection made in this cause is, that the Court ought not to have given judgment for the plaintiff, without other evidence besides the note produced by the plaintiff. The defendant contends that additional testimony was necessary to show that the plaintiff, and the *A. Coquillard* to whom the note was payable on its face, were the same person. This point is not very clear; but we are inclined to think that the facts, that the note is payable on its face to *A. Coquillard,* and that the plaintiff, *Alexis Coquillard,* had possession of the note, were sufficient to authorize the inference, in the absence of any evidence to the contrary, that the note was executed to the plaintiff as the payee. This opinion is, in principle, supported by the following case:— A suit was brought in the name of *Henry Sweeting* the younger, upon a note payable on its face to *Henry Sweeting* generally. It appeared that there were two *Henry Sweetings,* father and son. The Court held that although, *prima facie, Henry Sweeting* the father was meant; yet the facts that the plaintiff had directed the suit to be brought, and had possession of the note, were sufficient to enable him to recover. *Sweeting* v. *Fowler,* 1 Stark. Rep. 106.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Liston*, for the plaintiff.

*R. W. Thompson*, for the defendant.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.