Perkins, J.—
“The count did not, nor did the declaration anywhere, in direct terms, allege that the plaintiffs were partners, or that the order was drawn, or that the indebtment accrued to them by any particular naipe, though the averment in the count under consideration, that the defendants were indebted to the plaintiffs by virtue of *182 a certain order, which was, in fact, payable to ‘ Moore & Dawes' and the setting out of that order in hcec verba, are, perhaps, equivalent to an averment that the order was drawn to them by the name of Moore & Dawes. Still, if under the general allegation that the defendants were indebted to the plaintiffs, John Moore and Charles Dawes, by virtue of an order, &c., not setting it out in haze verba, nor describing it as drawn to them by any particular name, the plaintiffs would have been allowed to give in evidence, as exhibiting no variance, an order payable to 1 Moore & Dawes,' then a declaration setting out such an order, under such general averment, would not be subject to general demurrer, even should we not consider the statement of the entire count as, in effect, containing the special averment. That the order under the circumstances supposed would have been admissible in evidence, the following authorities seem to establish. Jones v. Mars, 2 Campb. 305; Mack v. Spencer, 4 Wend. 411; Wardell v. Finney, 1 id. 217; Taylor v. Coquillard, 5 Blackf. 158; Lasselle v. Henson, id. 161; 1 Swan’s Pr. 303, n. a.; Loudon v. Walpole, at this term.
“Again, it is objected, that the count did not state the place, nor the time of the presentment of the order for payment, nor the name of the person to whom it was presented. The order was not drawn payable ata particular place; hence, it was not necessary to aver a presentment at a particular place. It was not payable on a particular day; lienee, it was not necessary to aver specially a presentment on a particular day. It was averred generally that the order was presented, payment refused, notice given, &c., to wit, &c., on the day, &c., aforesaid; that is, on the day the order was drawn. It was not drawn on a particular person by name; and hence, it was unnecessary, as we think, to aver a presentment to any particular person by name. The order was upon the treasurer. It, lienee, was necessary to present it to the treasurer, regardless of what his name might be. And upon the trial of the cause, it would devolve upon the plaintiffs to prove a presentment to the person acting as treasurer, and that they might do without proving him to have a name. It is said the treasurer of Si. James's Church was not an officer known to the law. Wc do not see what difference that makes. He was known to the officers of the church. It was competent for them to appoint an agent under the name of treasurer, to keep and disburse their funds; and if they gave an order on such agent, it should be presented to the agent, and bis name would be immaterial. Spo- *183 cifying it, might aid in identifying the individual, but it would not be the only mode of doing it. We think this count of the declaration, though informal, substantially good, and, of course, not subject to general demurrer.
“ But suppose this count not good, we do not say now, though on this point we decide nothing, that we could reverse the case on that account, inasmuch as there were other good counts on which the case was tried, and under which this order would have been admissible evidence, and the final judgment was for an amount less than the face of the order. Suppose the record contained the evidence, and it appeared that this actually was given under the common counts, would we then reverse for an error in overruling a demurrer to a bad count? If the other counts had been such as this order could not have'been received in evidence under, we should be bound to presume it given under the count demurred to. But in a case where the declaration contained several counts, under either of which a certain piece of evidence might have been given, and the final judgment was for a sum less than that claimed in either count, and less than such piece of evidence tended to prove, why should we presume it was given under the defective count, even though the Court decided that count good? A party complaining, it is said, must show that he was injured. Should he not, in this case, have shown, that the order in question was, upon the trial and assessment of damages, given under the defective count?
“ It will be observed that we have treated this order, thus far, as an inland bill of exchange. We mean here neither to admit or deny, that it might have been treated as a simple promissory note. It is drawn upon the agents of the defendants. Is it not, then, in reality drawn upon the defendants themselves? If a man draw a bill directly upon himself, it is his promissory note, and may be sued on as such. Story on bills, 50 and, 78-9.”
Judgment affirmed, &c.