Nov. Term,
1848.

THE WARDENS
&c., OF ST.
JAMES CHURCH
v.
MOORE.

</div>

---

THE WARDENS AND VESTRYMEN OF ST. JAMES CHURCH, VINCENNES, INDIANA, *v.* MOORE and Another.

If the declaration in a suit by *John Moore* and *Charles Dawes*, on an order, avers generally that the order is payable to them, not setting it out *in hæc verba*, nor describing it as drawn to them in any particular name, an order payable to *Moore* and *Dawes*, is admissible evidence, and a declaration setting out such order under such general averment is not subject to general demurrer.

The declaration need not state the place or time of the presentment of an order for payment, or the name of the person it was presented to, where the order is not drawn payable at a particular place or a particular time, and where it is not drawn on a particular person by name, but on "the treasurer," &c., and a general averment in such case is sufficient.

If a person draw a bill directly on himself, it is his promissory note and may be sued on as such.

*Quære.* If a demurrer to a special count was improperly overruled, and there were other good counts under which the order would have been admissible, whether the judgment should be reversed for the error in overruling the demurrer?

APPEAL from the *Knox* Circuit Court.

PERKINS, J.—Debt by *Moore* and *Dawes* against the wardens and vestry of *St. James Church, Vincennes, Indiana.* The declaration contained a special and the common counts. A general demurrer to the special count was overruled and interlocutory judgment upon it, for the plaintiff, entered. A jury tried the general issue upon the common counts, and assessed damages upon the special. Final judgment for the plaintiffs. The evidence is not upon the record. The only question in this Court arises upon the judgment of the Court below in over-

<div style="text-align:right">

*Friday,*
*January 26,*
1849.

</div>

Nov. Term,
1848.

THE WARDENS
&c., OF ST.
JAMES CHURCH
v.
MOORE.

ruling the demurrer to the special count. That count was as follows:

"*John Moore* and *Charles Dawes*, plaintiffs, complain of the wardens and vestrymen of *Saint James Church*, *Vincennes*, *Indiana*, defendants, of a plea that the defendants render unto the plaintiffs the sum of 500 dollars which to the plaintiffs the defendants owe, and from them unjustly detain, for that whereas the said defendants heretofore, to-wit, on the 24th of *March*, 1843, by *S. R. Greenhow*, under the addition and appellation of sect. of vestry, executed the instrument in writing in the words and figures following, to-wit:

"$378 06.        *Vincennes, Indiana, March* 24, 1843.

"The treasurer of the vestry of *Saint James Church* will pay to the order of *Moore* and *Dawes* the sum of 378 dollars and 6 cents with legal interest from the 7th of *March*, 1843, until paid, being the balance due them on their contract.

"By order of the wardens and vestrymen of *Saint James* Church, *Vincennes*, *Indiana*.

"*S. R. Greenhow*, Sect. of Vestry.

"And then and there delivered the same to the said plaintiffs; and the said plaintiffs aver that the said instrument of writing was duly presented to the treasurer of the vestry of *Saint James Church*, but that the said treasurer has always refused and still refuses to pay the same, although often requested so to do; of all which the said defendants, to-wit, on the day and year aforesaid, at the county aforesaid, had notice; yet the said defendants, although often requested so to do, have not paid the said plaintiffs the said sum of money, nor the interest thereon stipulated to be paid, nor any part thereof, whereby an action hath accrued to said plaintiffs to demand and have from said defendants," &c.

This count did not, nor did the declaration anywhere, in direct terms, allege that the plaintiffs were partners, or that the order was drawn, or that the indebtment accrued to them by any particular name, though the averment in the count under consideration that the defendants were

indebted to the plaintiffs by virtue of a certain order which was in fact payable to *Moore* and *Dawes*, and the setting out of that order *in hæc verba*, are, perhaps, equivalent to an averment that the order was drawn to them by the name of *Moore* and *Dawes;* still, if, under the general allegation that the defendants were indebted to the plaintiffs, *John Moore* and *Charles Dawes*, by virtue of an order, &c., not setting it out *in hæc verba*, nor describing it as drawn to them by any particular name, the plaintiffs would have been allowed to give in evidence, as exhibiting no variance, an order payable to *Moore* and *Dawes*, then a declaration setting out such an order under such general averment would not be subject to general demurrer even should we not consider the statements of the entire count as, in effect, containing the special averment. That the order, under the circumstances supposed, would have been admissible in evidence, the following authorities seem to establish: *Jones* v. *Mars et al.*, 2 Campb. 305.—*Mack* v. *Spencer*, 4 Wend. 411.— *Wardell et al.* v. *Pinney*, 1 id. 217 (1).—*Taylor* v. *Coquillard*, 5 Blackf. 158.—*Lasselle* v. *Hewson*, id. 161.—1 Swan's Pr. 303, n. a.—*Loudon* v. *Walpole*, at the present term of this Court (2). Again, it is objected that the count did not state the place nor the time of the presentment of the order for payment, nor the name of the person to whom it was presented.

The order was not drawn payable at a particular place; hence it was not necessary to aver a presentment at a particular place. It was not payable on a particular day; hence it was not necessary to aver specially a presentment on a particular day. It was averred generally that the order was presented, payment refused, notice given, &c., "to-wit, at, &c., on the day, &c., aforesaid," that is, the day the order was drawn. It was not drawn on a particular person by name; and hence it was unnecessary, as we think, to aver a presentment to any particular person by name. The order was upon the treasurer. It, hence, was necessary to present it to the treasurer, regardless of what his name might be. And

Nov. Term, 1848.

THE WARDENS &c., OF ST. JAMES CHURCH v. MOORE.

Nov. Term,
1848.

The Wardens
&c., of St.
James Church
v.
Moore.

upon the trial of the cause, it would devolve upon the plaintiffs to prove a presentment to the person acting as treasurer, and that they might do without proving him to have a name. It is said the treasurer of *Saint James Church* was not an officer known to the law. We do not see what difference that makes. He was known to the officers of the church. It was competent for them to appoint an agent under the name of treasurer, to keep and disburse their funds; and if they gave an order on such agent, it should be presented to the agent, and his name would be immaterial. Specifying it, might aid in identifying the individual, but it would not be the only mode of doing it. We think this count of the declaration, though informal, substantially good, and, of course, not subject to general demurrer.

But suppose this count not good, we do not say now, though on this point we decide nothing, that we could reverse the case on that account, inasmuch as there were other good counts upon which the cause was tried, and under which this order would have been admissible evidence, and the final judgment was for an amount less than the face of the order. Suppose the record contained the evidence, and it appeared that this order actually was given under the common counts, could we then reverse for an error in overruling a demurrer to a bad count? If the other counts had been such as this order could not have been received in evidence under, we should be bound to presume it given under the count demurred to. But in a case where the declaration contained several counts under either of which a given piece of evidence might have been given, and the final judgment was for a sum less than that claimed in either count, and less than such piece of evidence tended to prove, why should we presume it was given under the defective count, even though the Court decided that count good? A party complaining, it is said, must show that he was injured. Should he not, in this case, have shown that the order in question was, upon the trial and assessment of damages, given under the defective count?

It will be observed that we have treated this order, thus far, as an inland bill of exchange. We mean here, neither to admit nor deny that it might have been treated as a simple promissory note. It is drawn upon the agent of the defendants. Is it not, then, in reality, drawn upon the defendants themselves? If a man draw a bill directly upon himself, it is his promissory note and may be sued on as such. Story on Bills of Exchange, 50, and 78, 79.

*Per Curiam.*—The judgment is affirmed.

*S. Judah* and *A. T. Ellis*, for the appellants.

*R. A. Chandler*, for the appellees.

(1) Where a promissory note is declared on as payable to the order of the plaintiffs and the note produced on the trial is payable to them, but in their partnership name, it is no variance, although it is not alleged in the declaration that the note was payable, or that the plaintiffs were partners, provided the fact be shown on the trial that the plaintiffs compose the firm to whom the note is made payable.—*Wardell et al.* v. *Pinney*, 1 Wend. 217.

A promissory note made by one of two partners, in the name of the firm, it seems, is admissible in evidence in an action against both partners under a count on the note, although there be no averment of partnership in the declaration. At all events, it is proper evidence under a count for money lent.—*Mack* v. *Spencer*, 4 id. 411.

(2) See *post*.