May Term, 1855.

ENGLISH
v.
THE BOARD
OF TRUSTEES
OF THE INDIANA ASBURY
UNIVERSITY.

---

ENGLISH, Administrator, *v.* THE BOARD OF TRUSTEES OF THE INDIANA ASBURY UNIVERSITY.

The secretary of a private corporation drew a draft upon the treasurer for the payment of a certain sum for work done by the drawee; but the draft did not specify when it should be payable.

May Term,
1855.

ENGLISH
v.
THE BOARD
OF TRUSTEES
OF THE INDI-
ANA ASBURY
UNIVERSITY.

Tuesday,
June 12.

*Held,* that it could not draw interest till there was a demand on the treasurer and a refusal of payment.

*Held,* also, that the circumstance that the drawee had been told by a person connected with the corporation, but not with the treasury department, that there were no funds on hand, did not dispense with the necessity of such demand.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.— Action on an instrument of writing as follows:

"No. 360. $269 20. *Indiana Asbury University,* secretary's office, *Greencastle, Indiana, April* 25, 1840. The treasurer of *Indiana Asbury University* will pay to *Tisdale Hicks* the sum of two hundred and sixty-nine dollars and twenty cents, for carpenter work. By order of the superintendent. *Thomas Robinson,* secretary *I. A. U.*"

The suit is by *English,* administrator of *Hicks,* who has deceased.

Judgment in the Circuit Court for the plaintiff for the amount of the order, with interest added from the 1st of *September,* 1852, to the date of the judgment.

The plaintiff below thinks he was entitled to interest from the date of the order, and appeals to this Court to obtain it.

It is doubtful, we will remark, whether his complaint was sufficient to entitle him to any judgment; see *Spangler* v. *McDaniel,* 3 Ind. R. 275; but as no question has been made upon it, we shall make none.

On receiving this order, it was the duty of *Hicks* to present it to the treasurer of the university for acceptance or payment in a reasonable time. *The Wardens and Vestrymen of St. James Church* v. *Moore et al.,* 1 Ind. R. 289.

It was not presented to that officer till *September,* 1852; and, for this reason, interest was not allowed below.

The excuse for failing to present is, that the holder, *Hicks,* was told by another person connected with the university, but not with the treasury department, that there were no funds on hand. This is no excuse. Had the demand been made, the proper officer might have provided the funds. Till a demand and refusal of payment,

we think the order would not necessarily draw interest. *Chitty*, in his work on Bills, says, "the drawer or indorser of a bill, or indorser of a note, is only liable to pay interest from the time he receives notice of the dishonor." "If, at the time the bill fall due, there be no person legally authorized to receive it, as if the holder be dead intestate, and administration be not taken out, even the acceptor shall be charged with interest only from the time the administrator demands payment of the principal." Chitty on Bills, 665. "When interest is made payable by the bill, &c., itself, there is no doubt of its being recoverable as a debt. In other cases it is recovered only as damages for breach of contract; and in such other cases the jury are not bound to give it. If they should be of opinion that the delay of payment has been occasioned by the default of the holder, they may refuse, but otherwise they are bound to find a verdict for interest." *Id.* 663.

*Per Curiam.*—The judgment is affirmed with costs.

*T. C. W. Sale* and *I. Brown*, for the appellant.

*S. Yandes*, for the appellees.