May Term,
1856.
<hr/>
THE MARION
AND MISSIS-
SINEWA RAIL-
ROAD CO.
v.
DILLON.

<hr/>

## THE MARION AND MISSISSINEWA RAILROAD COMPANY *v.* DILLON.

Action upon certain drafts drawn by the president of a railroad company upon the treasurer, for the payment of certain sums of money, &c. The paragraphs upon the drafts did not allege that the drafts had been presented for payment, nor show any excuse for not presenting them. *Held,* that they were bad.

Where a debt is due from a corporation, and it is the duty of one officer, or set of officers, to allow demands, and draw upon another officer who has the custody and is charged with the duty of disbursing the funds, for payment, the order must, as a general rule, be presented, in a reasonable time, for payment.

Tuesday,
May 27.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—Suit by *Dillon* against the *Marion and Mississinewa Valley Railroad Company.* The complaint contained a number of paragraphs, some of them describing, as a cause of action, scrip of the following tenor:

May Term,
1856.

THE MARION
AND MISSIS-
SINEWA RAIL-
ROAD CO.
v.
DILLON.

"State of *Indiana.* Part No. 22. No. 186. The treasurer of the *Marion and Mississinewa Valley Railroad Company,* pay 5 dollars to *E. Hackett.* Allowed *August* 9, 1853. This will be received in payment of all dues to the company. *Marion, August* 9, 1853. *G. Lomax,* president. *John M. Wallace,* secretary."

The paragraphs on these scripts did not aver that the scripts had been presented for payment, nor show any excuse for omitting so to present them, and, hence, were bad.

There were other paragraphs in the complaint, alleging an indebtedness for goods sold, &c.

A demurrer to the whole declaration was overruled, and rightly, as it contained some good paragraphs.

The defendant answered, denying the complaint. The cause was submitted to the Court for trial. The only evidence given or offered was the scripts described in the complaint. The Court found for the plaintiff.

The defendant moved for a new trial, because the evidence did not authorize the finding; but the Court overruled the motion, and the defendant excepted.

· The motion should have been granted. Unless some reason existed to the contrary, these scripts (or scrips) should have been presented in a reasonable time to the treasurer for payment. If a man draw a bill or order directly upon himself, payable immediately, it is his promissory note, and may be sued on accordingly. In such case, he is the payor as well as drawer, and, by the very act of drawing, admits he is to pay, and that he has not then the money with which to make payment. But where the debt is due from a company, and it is the duty of one officer or set of officers to allow demands, and draw upon another officer who has the custody, and is charged with the duty of the disbursement of the funds, for payment, such order must, as a general rule, be presented in a reasonable time for payment. For authorities supporting this decision, see *The Wardens, &c. of St. James' Church* v. *Moore and Dawes,* 1 Ind. R. 289; *Spangler* v. *McDaniel,* 3 *id.* 275; *English* v. *The Board of Trustees of the Indiana Asbury University,* 6 *id.* 437; *Gallagher* v. *Raleigh, ante,* 1.

May Term,
1856.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the parties to amend their pleadings.

*I. Van Devanter* and *J. F. McDowell*, for the appellants.

*A. Steele* and *H. D. Thompson*, for the appellee.