May Term,
1856.

THE MARION AND LOGANSPORT RAILROAD COMPANY *v.* LO-

THE MARION
AND LOGANS-
PORT RAIL-
ROAD CO.
*v.*
LOMAX.

MAX.

Action against a railroad company, upon certain orders for the payment of money drawn by their proper officers upon the treasurer of the company. The complaint did not allege that the orders had ever been presented to the treasurer for payment. Judgment against the company by default. *Held*, that the judgment was erroneous.

Monday,
June 16.

APPEAL from the *Grant* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff below, sued the appellants, on ten orders in writing, called "scrip," each of which is in form as follows:

"The treasurer of the *Marion and Logansport Railroad Company*, pay *J. Lomax*, or bearer, 5 dollars. This will be received in payment of all dues to the company. Allowed, *December* 12, 1853. *John M. Wallace*, Vice-President. *I. Van Devanter*, Secretary."

The company, having failed to appear, were defaulted; and the cause was submitted to the Court, who found for the plaintiff 59 dollars and 26 cents. The defendants thereupon appeared and moved for a new trial. This motion was overruled and judgment rendered upon the finding of the Court. The defendants filed their bill of exceptions. The bill states that the ten orders were given in evidence, and that they "were all the evidence introduced in the cause."

The judgment is alleged to be erroneous, because no evidence was produced tending to prove that the orders sued on were ever presented for payment to the treasurer of the company. This ground is tenable. It is true, as contended, that the defendants, by failing to answer, admitted every material averment in the complaint. The effect of a default is, an admission of the cause of action; but here the complaint does not allege any presentment to the treasurer, and for aught that appears in the record, he was ignorant of such scrip having an existence. The orders show on their face an implied undertaking on the part of the plaintiff that he would call on the treasurer for the

money; and having failed to show that he has done so, he was not, in our opinion, entitled to recover.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*I. Van Devanter* and *J. F. McDowell*, for the appellants.

*A. Steel* and *H. D. Thompson*, for the appellee.