## WARD *v.* DOW.

Under a declaration in assumpsit, alleging a joint indebtedness of three defendants, evidence that they were in partnership in the transactions out of which the plaintiff's claim arose, is admissible.

Where the plaintiff, for the purpose of contradicting certain witnesses of the defendants upon particular points, introduced evidence of their testimony upon those points at a former trial of the case: — *Held,* that this did not oblige him to show their testimony upon other subjects at the former trial, or make it admissible for the defendants.

THIS was an action of assumpsit for goods sold and delivered to the three defendants, Benjamin F. Dow, Rufus Dow and Uri Lamprey. The defendants were not alleged in the writ to be partners. The defendant, Lamprey, was a witness for the defendants, who examined him generally as to the transactions out of which the claim in question arose. Upon cross examination, he was asked if

the defendants were partners in those transactions; and the defendants objected that evidence of partnership was inadmissible, no partnership being alleged in the declaration; but the court overruled the objection and the defendants excepted; and the evidence was received.

The case had been referred to an auditor, and a hearing was had before him. The auditor was called as a witness by the plaintiff, to state the testimony of certain witnesses before him, for the purpose of contradicting their testimony given upon this trial. He testified that he could not state from memory any thing that was testified to by the witnesses before him, but that he took at the time minutes of their testimony, which he believed to be correct. At the plaintiff's request he read from those minutes what certain witnesses testified on particular points of inquiry. The defendants insisted that all the testimony of those witnesses given at that time should be read. The court ruled that all the testimony of those witnesses relating to the points inquired about by the plaintiff's counsel should be read, but that their testimony upon other subjects was inadmissible. To this ruling the defendants excepted.

The jury found a verdict for the plaintiff, and the defendants moved for a new trial by reason of said exceptions.

*Pike & Barnard*, for the defendants.

1. The evidence of partnership, if sufficient for proof of that fact, changed the liabilities of the defendants from what they would have been had they been regarded as joint debtors merely, as they were alleged to be in the writ. The rule of law applicable to their liability as joint promisors or partners, is materially different. The plaintiff deemed it necessary, in proving his case, to introduce evidence to prove a partnership between the defendants. We say the fact was material, and, not being alleged, could not be proved; for the plaintiff can legally prove no material fact which the declaration does not allege. Gould Pl., ch. 4, sec. 7, p. 173; *Petrie* v. *Newell,* 13 Ill. 647; *Pierce* v. *Lacy,* 23 Miss. (1 Cush.) 193; 12 U. S. D., 2–19.

2. The case finds that the auditor could not state from memory any thing that was testified to before him. His minutes were used for the purpose of showing what had been testified to by certain witnesses on a former trial. It is immaterial whether they were so used as affirmative testimony, or for the purpose of contradiction. They were written notes of the witnesses' testimony, and as such could have been used, both parties being present when the testimony was taken, in case of the death or insanity of the witness, or, as in this case, to contradict what was said on trial. We submit in such a case, as a matter of practice, fairness to the witness, and the party entitled to his testimony, both require that the whole of such minutes should be read if either party desires it, when a portion of them have been read by the other side. The testimony was as much written as if taken in the form of a deposition; yet it could not, like a deposition, go to the jury, to be inspected and compared by them. For this reason, therefore, if no other, it was of the

utmost importance that the minutes should be so used as to convey a correct understanding to the mind of the jury of all that was said by the witness.

*Quincy*, and *Hibbard*, for the plaintiff.

BARTLETT, J.   The declaration alleges a joint indebtedness of the three defendants to the plaintiff for goods sold and delivered; and proof that the defendants were in partnership in the transaction furnishes evidence of a joint indebtedness. 2 Saund. Pl. & Ev. 707. This would not create a variance, any more than proof in an action against one, of an indebtedness of the firm of which he is a member. *Neally* v. *Moulton*, 12 N. H. 485. It has been held that partners, when plaintiffs, need not describe themselves as such. *Tarlton* v. *Herbert*, 4 Ala. 359 (5 U. S. D. 490, 331); *Wardell* v. *Pinney*, 1 Wend. 217; see 2 Greenl. Ev., sec. 478. Many of the precedents of declarations by and against surviving partners contain no allegation of partnership. 1 Lill. Ent. 34; 2 Chit. Pl. 92, 94; Oliver Prec. 127, 128. In *Pierce* v. *Lacy* the question seems to have been merely of variance between the writ and declaration, arising upon a plea in abatement; and though it were to be held in such case that a declaration in the names of A and B merely creates a variance where the writ was in their names as partners, it by no means follows that proof of the indebtedness of the two, as partners, would not support an allegation of a joint debt. 1 Chit. Pl. 41, 42; *Mack* v. *Spencer*, 4 Wend. 411; *Valette* v. *Parker*, 6 Wend. 615. In *Moore* v. *Stevens*, 42 N. H. 404, the decision is only that an allegation in a plea to an avowry in replevin, that certain property belonged to the plaintiffs as joint owners, was a departure from the declaration which averred that they owned it in their partnership capacity. *Petrie* v. *Newell* is not in point; for the question of the necessity of an allegation of partnership there, arose solely under sec. 8 of ch. 40 of the Illinois Revised Statutes, dispensing with the necessity of the proof of joint liability in certain cases. In that case the plaintiff offered no proof that several of the defendants, whose names did not appear upon the note, were in any way liable upon it; and his declaration had not brought his case within the provisions of the statute cited.

The plaintiff might contradict the defendants' witnesses, by showing that they testified differently before the auditor; but except in this point of view it was immaterial what their testimony before the auditor was; *Seavey* v. *Dearborn*, 19 N. H. 355; and the court properly restricted the inquiry to the relevant testimony. 2 C. & H. Notes to Phill. Ev. 760. There must be

*Judgment on the verdict.*