### JOHNSON *v.* SEYMOUR.

In an action upon a note payable in "wagon-work," it is not necessary to aver that the plaintiff had designated the kind of wagon-work to be received.

The terms "wagon-work," as used in such a note, unexplained by circumstances or otherwise, evidently do not mean *labor* merely, but wagons, or, perhaps, parts of wagons, either complete or incomplete, including both the materials and the labor bestowed upon them.

No demand is necessary before suit upon such a note, the time of payment being fixed by the note.

If the payee, or holder of such a note, had the right of designating what particular kind of wagon-work he would require, and failed to do so before its maturity, he thereby waived his right, and the right of designation then devolved upon the maker, whose duty it was to exercise that right, and make a tender of the property, or he would become liable to pay the amount in money.

A paragraph which assumes to answer more than the matter pleaded will bar, is bad on demurrer.

APPEAL from the *La Grange* Common Pleas.

WORDEN, J.—*Seymour*, as assignee of *Kenyon*, sued *Johnson*, on the following instrument, viz.:

"$ 361.21. On or before the first day of April next, I promise to pay *A. P. Kenyon*, or bearer, three hundred and sixty-one and twenty-one hundredths dollars, in wagon-work, for value received.     EZEKIEL JOHNSON."

"STURGIS, January 22d, 1858."

The defendant answered in twelve paragraphs. Demurrers were sustained to a number of these paragraphs, and exception was taken to the ruling as to the twelfth only. Issues were formed and tried, resulting in a verdict and judgment for the plaintiff.

Two errors only are assigned. The first relates to the ruling upon the twelfth paragraph of the answer, and the second to the ruling of the Court, in rejecting certain evidence offered.

It is insisted that, admitting the twelfth paragraph of the answer to be bad, the demurrer should have been overruled, because the complaint is bad. The note, it will be observed, is payable "in wagon-work," and it is insisted that the complaint should have averred that the plaintiff had designated the kind of wagon-work to be received, which was not done.

The appellant argues that the "wagon-work" mentioned in the note, should not be regarded in the light of specific articles, but as *labor*, and hence, that the plaintiff or holder of the note should have made such designation of the labor to be performed.

Whether or not the conclusion would follow from the premises, we need not determine, as we can not adopt the premises thus assumed. The terms "wagon-work," as used in the note, unexplained by circumstances or otherwise, evidently do not mean *labor*, as hauling or otherwise, with a wagon or wagons; nor do they mean, simply labor or work to be performed by the maker of the note in the construction of wagons. But they do mean, as we think, wagons, or, perhaps, parts of wagons; wagons either complete or incomplete, including both the materials and the labor bestowed upon them. This being the case, the note is governed by the general principles applicable to contracts for specific articles. The time of payment being fixed by the note, no demand was necessary before bringing suit. *Frazee* v.

*McChord,* 1 Ind. 224. 2 Parsons on Cont., p. 162. If the payee or holder of the note had the right of designating what particular kind of wagon-work he would require, and if he neglected to do so up to the time the note became due, that was a waiver of his right; and the right of such designation devolved upon the defendant, whose duty it was to exercise that right, and make a tender of the property; otherwise he became liable to pay the amount in money. *Vide* note to *Frazee* v. *McChord, supra,* and *Gilbert* v. *Danforth,* 2 Seld. 585. The objection to the complaint can not prevail.

. The paragraph of the answer in question sets up, by way of set-off, a claim against *Kenyon,* the payee of the note, for three hundred dollars. This was pleaded in bar of the whole complaint, and if otherwise good, the demurrer was correctly sustained, because the paragraph assumed to answer more than the matter pleaded would bar. *Conwell* v. *Finnell,* 11 Ind. 527. There was no error in the ruling on the demurrer.

The evidence offered, and rejected, was the transcript of a certain judgment. The evidence was properly rejected, because it was irrelevant to any of the issues in the cause. The paragraph of the answer, in support of which the evidence was offered, had been demurred to, and the demurrer sustained. There is no error in either of the rulings complained of, hence the judgment must be affirmed.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Robert Parrett,* for the appellant.