The Indiana and Illinois Central R. R. Co. v. Davis.

————————————

THE INDIANA AND ILLINOIS CENTRAL R. R. Co. *v.* DAVIS.

ORDER—DEMAND.—Where an order is drawn, in proper form, by the secretary of a corporation upon the treasurer thereof, for the payment of a sum of money actually due from the corporation to the payee of the order, it is not necessary for the payee to present it to the treasurer for payment, within a reasonable time after receiving it, or at any time before suing upon it, as a condition precedent to such suit.

CONSTRUCTION.—Such an order may be treated by the holder thereof, at his option, as the mere promissory note of the corporation, payable at a particular place, or probably, as a bill of exchange.

CASES OVERRULED.—The cases of *The Wardens, &c.* v. *Moore,* 1 Ind. R. 289 ; *English, &c.* v. *The Board, &c.* 6 *id.* 437 ; *The Marion &c. R. R. Co.* v. *Dillon,* 7 *id.* 404 ; *The Marion and L. R. R. Co.* v. *Lomax, id.* 648, and the *Marion &c. R. R. Co.* v. *Hodge,* 9 *id.* 163, so far as they are inconsistent with the decision herein, are overruled.

APPEAL from the *Marion* Common Pleas.

PERKINS, J.—Suit upon two orders each of the following tenor :

"$1000.   Treasurer of the Indiana and Illinois Central Railway Company, pay to *J. C. Bancroft Davis,* or order, one thousand dollars, allowed for services, expenses, printing, &c. (Allowed, *December* session of Board, 1857.)

J. M. SHARPE, Secretary."

*January,* 9, 1858.

The Indiana and Illinois Central R. R. Co. *v.* Davis.

The suit is against the corporation, and the complaint alleges that she drew the order or bill sued on, by her secretary, upon her treasurer; that the bill was presented for payment, and payment refused.

The defendant answered by:

1. The general denial.

2. By allegations that the order had not been presented to her treasurer for acceptance, or payment. This was simply reasserting a part of the general denial.

3. By averring that the order was not presented to her treasurer till the 20th of *November*, 1860.

The 4th, 5th, 6th, 7th and 8th defences set up failure and illegality of consideration.

The plaintiff replied by demurring to the 2d and 3d paragraphs of the answer, and taking issue of fact upon the 4th, 5th, 6th, 7th, and 8th paragraphs.

The demurrer was sustained.

The issues of fact were tried and judgment rendered for the plaintiff.

The question raised and argued in this cause is this : Was it necessary for the holder, the payee of the written instrument sued on, to present it to the treasurer of the corporation for payment, within a reasonable time after receiving it, or at any time before suing upon it, as a condition precedent to such suit? The record does not present the question in this shape, but for the purposes of this decision, we will treat it as doing so.

Let us first inquire, what is the character, in legal effect, of that instrument?

It shows on its face three things.

1. That it is drawn by the *Indiana and Illinois Central Railway Company.*

2. That it is drawn upon the *Indiana and Illinois Central Railway Company.*

3. That it was drawn for the payment of a debt, actually owed by the corporation, to the payee of the order.

As the order or writing stands, there is but one person that can be sued on it; and, had it been accepted, there still would have been but one person liable to be sued on it, and that person was and is the *Indiana and Illinois Central Railway Company*. The paper shows on its face that the drawer and drawee are the same person, and that the person actually owed the payee the sum specified in the writing.

In such case, the writing may clearly be treated by the holder, if he elect to do so, as the promissory note of the corporation, but payable at a particular place, viz: the treasurer's office of the corporation. And the question then is, must such a note be presented at the place where it is payable for payment before the maker can be sued on it?

At an early day such was held to be the law in Indiana. 1 Blackf. 257, and *Palmer* v. *Hughes, id.* 328; and see 1 Gill. (Ill.) Rep. p. 15. But those decisions have been overruled by judicial decisions, and changed by statutory enactments. *Hartwell* v. *Candler*, 5 *id.* 215; 2 G. & H. 107.

But the plaintiff takes a risk in suing upon such paper with- out having first made a demand, because, should the defendant set up and prove a readiness to pay at the place before suit, the circumstances might be such as to subject the plaintiff to costs, as in case of a tender. 1 Am. L. C. pp, 367, 368. In the case at bar, it was proved on the trial that the plaintiff had, as averred in his complaint, made demand of payment before suit, and that payment had been refused without ex- cuse assigned for the refusal. No motion was made for greater certainty in the averment, and proof of demand at any time was proper. The cases of *Hasey* v. *White Pigeon, &c.* 1 Dougl. (Mich.) Rep. 193; *Fairchild* v. *Ogdensburg, &c.*, 15 N. Y. Rep. 337; *Miller* v. *Thompson*, 3 Mann. & Gra. 576, and *The Board, &c.* v. *Day*, 19 Ind. 450, are in point. There is, in our own

reports, a series of erroneous cases, which are overruled by the decision we now make. The decisions in the series are built one upon the other from the first, which was made without much consideration by the counsel or the Court, as authorities were not cited, nor have they been in the cases following it.

It is insisted that the Court is irrevocably committed to its error if it be such; but we think, on a question of general commercial law, we had better retrace our steps from error at any point, rather than continue in it. The cases overruled or modified are found as follows: 1 Ind. 289; 6 *id.* 437; 7 *id.* 404, 648, and 9 *id.* 163. We do not say that the holder of an order like that sued on may not treat it as a bill of exchange if he elects to do so; see *The State Bank* v. *Bowers*, 8 Blackf. 73; but probably the drawer can not compel the holder to so treat it. But in the case at bar, if the instrument be treated as a bill, still the plaintiff is entitled to recover on the case made by the special finding below, it falling precisely within *Kelly* v. *The Mayor*, *&c.*, 4 Hill (N. Y.) Rep. 263, and *Spangler* v. *McDaniels*, 3 Ind. 275. See, also, 1 Am. L. Cases, *supra.* The case of *Moss* v. *Livingston*, 4 Com. (N. Y.) Rep. is upon an entirely different question.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*B. K. Elliott*, for the appellant.

*N. B.* and *C. Taylor*, for the appellee.