## McCULLOUGH *v.* COOK.

PROMISSORY NOTE.—*Demand*—In a suit on a promissory note payable in bank against the maker alone, it is not necessary for the plaintiff to aver or prove a demand of payment at the time and place specified in the note.

APPEAL from the Newton Common Pleas.

BUSKIRK, J.—The appellee brought suit in the court below against the appellant, Robert McCorkle, and George M. Harriman, on a note executed by the appellant to Robert McCorkle, who indorsed the note to Harriman, who indorsed it to the plaintiff. The note was payable and negotiable at the N. S. Bank, at Lafayette, Indiana. The appellee, in the court below, dismissed the action as to McCorkle and Harriman. The appellant answered by a denial. The cause was, by agreement of the parties, submitted to the court for trial. The court found for the appellee the principal and interest of the note. The appellant moved the court for a new trial, which motion was overruled, to which ruling an exception was taken. The evidence is in the record by bill of exceptions. The evidence consists of the note sued on. The refusal of the court to grant a new trial is assigned for error. The appellant insists that the court erred in overruling the motion for a new trial, because it was not proved on the trial that the note had been presented for payment at the time and place named in the note. The suit was dismissed as to the indorsers. When this was done, the action was solely against the maker. In such a case no demand for payment is required. The maker by his note unconditionally agreed to pay the money at the time and place named. His liability was thus fixed. Sec. 82, 2 G. & H., 107, provides, that "in any action or defense founded on a bill or note, or other contract, for the payment of money at a particular place, it shall not be necessary to aver or prove a demand at the place, but the opposite party may show a readiness to pay such demand at the proper place."

Under this section the appellee was excused from either averring or proving a demand. The appellant did not avail himself of the privilege of showing that he was ready at the time and place named to pay the note. The attorneys have referred to and relied on several decisions of this court. Those decisions are not applicable to a case like this. They discuss the question of the liability of indorsers, and not of makers, of commercial paper.

There was no error committed in overruling the motion for a new trial.

Judgment affirmed, with costs and ten per cent. damages.

*J. Wallace* and *E. L. Urmston*, for appellant.