## BROWN ET AL. *v.* McELROY.

DEMAND.—*Certificate of Deposit.*—A certificate of deposit was issued by a bank for a certain sum, subject to the order of the depositor, at a certain date, payable on return of the certificate. '

*Held*, in an action on said certificate against the bank, brought by an assignee, that there could be no recovery without proof of an actual demand and refusal of payment.

From the Warren Circuit Court.

*Wallace & Rice*, for appellants.

*J. McCabe*, for appellee.

BUSKIRK, J.—Joseph Brown and George H. Aylsworth,

who were partners and doing business under the firm name and style of Fountain County Bank, in Attica, Indiana, on the 27th day of September, 1869, executed the following certificate of deposit:

"1,000.00.                    FOUNTAIN COUNTY BANK,
                    "ATTICA, IND., Sept. 27th, 1869.

"N. S. Brown has deposited in this bank one thousand dollars in currency, subject to the order of himself, two months after date, with interest from August 27th, 1869, and payable in like funds on the return of this certificate, and in legal tender currency, payable thirty days from January. No. 2163.                    G. H. AYLSWORTH, Cashier."

Upon the back thereof there was the following endorsement:

"ATTICA, January 25th, 1872.

"For value received, I assign the within to Emily C. McElroy.                    N. S. BROWN."

The action was by the appellee against the appellants upon the above instrument. The complaint alleged the execution and assignment of the instrument and a demand and refusal of payment. There was issue, trial by the court, finding and judgment for the appellee, over a motion for a new trial. The appellants have assigned for error the sustaining of a demurrer to the third paragraph of the answer and the overruling of the motion for a new trial.

Counsel for appellants, in their brief, expressly waive all questions except the sufficiency of the evidence to sustain the finding, and the objection urged to the evidence is, that there was no proof of a demand of payment on the part of the appellee and a refusal of payment on the part of the appellants, or of an offer to return the certificate of deposit. The question presented for decision is, whether in an action upon the above instrument it was necessary to prove an actual demand of payment and a refusal to pay.

.Counsel for appellee insists that she was entitled to recover without any proof of a demand of payment and a

refusal of payment, and in support of such position cites the following cases:·

*Johnson* v. *Seymour*, 19 Ind. 24; *The Indiana, etc., R. R. Co.* v. *Davis*, 20 Ind. 6; *Fankboner* v. *Fankboner*, 20 Ind. 62; *The Eaton & Hamilton R. R. Co.* v. *Hunt*, 20 Ind. 457; *McCullough* v. *Cook*, 34 Ind. 290; *Mercer* v. *Patterson*, 41 Ind. 440.

In *Johnson* v. *Seymour, supra,* it was held, that in an action upon a promissory note payable in "wagon work," the time of payment being fixed, no demand was necessary.

The action in *The Indiana, etc., R. R. Co.* v. *Davis, supra,* was based upon an order drawn by the secretary of the railroad company upon the treasurer thereof for the payment of a sum of money actually due the payee from the corporation, and it was held that it was not necessary for the payee to present it to the treasurer at any time before bringing the action, as a condition precedent to suit, but it was held that the defendant might defeat a recovery for costs by proving a readiness to pay at the time and place named; and on the point under examination the following cases were overruled:

*The Wardens, etc.* v. *Moore*, 1 Ind. 289; *English* v. *The Board, etc.,* 6 Ind. 437; *The Marion, etc., R. R. Co.* v. *Dillon*, 7 Ind. 404; *The Marion, etc., R. R. Co.* v. *Lomax*, 7 Ind. 648; *The Marion, etc., R. R. Co.* v. *Hodge*, 9 Ind. 163.

In *Fankboner* v. *Fankboner,* and in *Mercer* v. *Patterson, supra,* it was held that where a note was payable on demand, no demand need be made before suit.

In *The Eaton & Hamilton R. R. Co.* v. *Hunt, supra,* it was held that when a note is made payable at a particular place, a demand of payment there need not precede an action on the note; but if the defendant in such action establishes ability and readiness at the time and place to pay, the plaintiff cannot recover costs.

In *McCullough* v. *Cook, supra,* it was held that in an action upon a promissory note payable in bank against the

maker.alone, it is not necessary for the plaintiff to aver or prove a demand of payment at the time and place specified in the note.

On the other hand, it is earnestly contended by counsel for appellants that the rule laid down in the above cases has no application to the present action; that where a bank receives money on deposit in the ordinary way, the depositor cannot maintain an action for it without a previous demand by check or otherwise; and that in this action it was necessary for the appellee to prove a demand of payment and offer to return the certificate, as it was so expressly stipulated in the certificate; and in support of these positions we are referred to several adjudged cases.

In *McEwen* v. *Davis*, 39 Ind. 109, the following language was used: "When money is deposited with a banker, it is payable on demand, at the bank, unless some other agreement has been made with reference to its payment. The banker is not required to hunt up the depositor and pay him the money, as an ordinary debtor is bound to do with his creditor. The banker may pay the money upon an oral order, or transfer it from one account to another, and such oral order will be a sufficient authority and justification for so doing. But though the banker may, if he choose, act upon such oral direction, he is under no obligation to do so. By the usages of the banking business he is entitled to demand some written evidence of the order and the payment. A receipt would, of course, be evidence of such payment, and so the check of the depositor will, when paid and in the hands of the banker, be evidence of the order to pay, and also of the fact of payment. Morse Banks and Banking, 29."

In *Girard Bank* v. *Bank of Penn Township*, 39 Penn. St. 92, the court say: "Were this a suit against the Bank of Penn Township by the original depositor, the statute of limitations would be interposed in vain, not so much because a bank is a technical trustee for its depositors, as for the reason that the liability assumed by receiving a

deposit is to pay when actual demand shall be made. The engagement of a bank with its depositor is not to pay absolutely and immediately, but when payment shall be required at the banking house. It becomes a mere custodian, and is not in default or liable to respond in damages until demand has been made and payment refused. Such are the terms of the contract implied in the transaction of receiving money on deposit, terms necessary alike to the depositor and the banker. And it is only because such is the contract, that the bank is not under the obligation of a common debtor to go after its customer and return the deposit wherever he may be found."

To the same effect are the following cases: *The Union Bank* v. *The Planters' Bank*, 9 Gill & Johns. 439—461; *Johnson* v. *The Farmers' Bank*, 1 Harrington, Del. 117—119; *Willets* v. *The Phœnix Bank*, 2 Duer, 121; *The Farmers and Mechanics' Bank* v. *The Butchers and Drovers' Bank*, 4 Duer, 219; *Downes* v. *The Phœnix Bank*, 6 Hill, 297; *Fogarties* v. *The State Bank*, 8 Am. Law Reg. 393.

We have examined the evidence in the record, and find that there was no proof of a demand of payment and a refusal. The case of deposit seems to be an exception to the rule that obtains in the case of an ordinary promissory note payable on demand. The controversy in the court below seems to have turned upon another question, but the question is made here and arises in the record. It is not a question of a conflict of evidence, but a failure of proof on a vital point.

We think the finding is not sustained by sufficient evidence. Hence, the court erred in overruling the motion for a new trial.

The judgment is reversed, with costs; and the cause is remanded for a new trial, in accordance with this opinion.

Opinion filed November term, 1875; petition for a rehearing overruled May term, 1876.