JONATHAN TOWNSEND *against* SHIPMAN WELLS.

WRIT of error.

The declaration was as follows: " That the defendant, in and by a certain writing or note, under his hand, by him well executed, dated the 30th day of *June*, 1806, promised the plaintiff to pay to him, for value received, the sum of eighty dollars, to be paid in good *West-India* rum, sugar, or molasses, at the election of the plaintiff, to be paid in eight days next after the date of said note, as by said writing or note, ready in court to be shown, appears. Now, the plaintiff further says, that the defendant, his promise aforesaid not regarding, hath never performed the same, though often requested and demanded; which is to the damage of the plaintiff," &c.

To this declaration the defendant demurred; and the *superior court* adjudged the same insufficient.

*Bradley*, for the plaintiff in error.

The exception to the declaration is, that it has no allegation that the plaintiff made, and notified the defendant of, an election of what articles mentioned in the note the plaintiff would receive in payment.

It will be agreed, that if the defendant had, on the day, tendered to the plaintiff one of the articles mentioned in the note, the plaintiff, to avoid the effect of the tender, must aver, that he had elected to receive payment in the other articles, and that he had given the defendant reasonable notice of his election; and must state the time and place of such notice, that the court

*In an action on a promissory note for 80 dollars, to be paid in good West-India rum, sugar, or molasses, at the election of the payee, within eight days after date, it was held to be unnecessary to aver, that the payee made his election, and gave notice thereof to the promissor, as the latter was bound, at all events, to make payment in one of the articles specified within eight days, and on failure, became immediately liable.*

may judge of its reasonableness; and that the defendant may, if he choose, plead the tender, and then traverse this notice.

If the plaintiff would claim the benefit of an election, he must make it; and if he makes it, as it is a matter confined to his own knowledge, he must notify the defendant of it. But he might waive the benefit, if he chose; and then the right of election would devolve upon the defendant.

There are cases, in which, in an action upon a contract, it is necessary that performance of something be averred by the plaintiff, in order to perfect his right of action. The first case is, where the promise is made upon express condition of something to be previously done by the plaintiff.

In the present case, there is no such condition; but the contract is absolute, that the defendant will pay *in rum, sugar, or molasses, at the election of the plaintiff*.

A second case of the kind specified is, where the consideration of the defendant's promise is executory; as if the contract be to build a house. Here, the plaintiff must aver performance.

But in this case, the consideration is executed, and the plaintiff acknowledges in this note, that he has received the value of his promise.

The cases in which the defendant is entitled to notice from the plaintiff, are those where the performance of the act, on which the plaintiff's right of action arises, is secret and unknown to the defendant; and also where the defendant cannot know what he has to do, except by information from the plaintiff; as would be the case of an

agreement to account before auditors such as the plaintiff should assign, or to execute such a deed as the plaintiff should devise, or pay the plaintiff's costs of such a suit. *Com. Dig.* tit. Pleader, (C. 73.)

In the present case, the defendant promises, for value received, to pay the plaintiff eighty dollars worth of rum, sugar, or molasses, at the choice of the plaintiff. Here, the undertaking is intelligible and certain; and although a power is vested in the plaintiff to vary the duty of the defendant, yet he has not varied it, but left the election in the defendant.

Suppose the plaintiff, on the day on which these articles were to be delivered, had gone to the defendant, and told him, "I have no choice to make; pay me as you please;" would not the defendant have been thereby put to his election with respect to the manner of satisfying this contract? But it can make no difference whether the plaintiff expressly refused to make an election, or merely neglected to make it. In both cases, the plaintiff waives the right of choosing; and, from the nature of the case, the defendant must know it.

This contract is expressed to be for value received, and is wholly for the benefit of the plaintiff. Now, he for whose benefit a contract is made, may waive any advantage of it, if he chooses so to do; and if he can waive the whole, he may a part; but a waiver of a part does not discharge the obligation to perform the residue. In this case, the plaintiff waives his right of election with respect to these articles; but that is no waiver of his right to receive some of these articles in payment of his debt, and such as the defendant may choose to deliver.

If *A.* should engage to build and paint a house for *B.,* and the latter should afterwards declare to him, that he would not have the house painted; this might excuse *A.* for not painting the house, but would be no reason why he should not build it.

Suppose an election had been given to the plaintiff with respect to the place of payment; if the plaintiff had given reasonable notice to the defendant, he must tender at the place appointed; but if the plaintiff made no election, it would follow, not that the defendant was not bound to pay at all, but that he might tender at either place mentioned, according to his own election.

*Peters,* for the defendant, contended, that the omission of an averment in the declaration, that the plaintiff made his election, and gave reasonable notice thereof to the defendant, was fatal. In support of this general exception, he relied upon the following propositions:

1. That in an action on contract for collateral articles, payable on demand, the plaintiff must allege a demand, specifying the time and place, or his declaration will be ill. *Dean* v. *Woodbridge,* 1 *Root,* 191. *Smith* v. *Leavensworth,* 1 *Root,* 209. 3 *Bac. Abr.* 713. *Dub. edit. Fitzhugh* v. *Dennington,* 6 *Mod.* 227.

2. That whenever an obligee has an election, with which the obligor is bound to comply, the election is part of the contract, and must be made in due time, and alleged in the declaration. 1 *Bac. Abr.* 432. *Dub. edit. Grenningham* v. *Ewer, Cro. Eliz.* 396. 539. *Bulley* v. *Hubbins, Cro. Car.* 571. *Holmes* v. *Twist, Hob.* 51. *Lamb's case,* 5 *Co.* 24. *Basket* v. *Basket,* 2 *Mod.* 200.

BY THE COURT.

Such a construction must be given to the note as will preserve the rights of the parties unimpaired, and, at the same time, leave the promissor bound for the payment, until the note is satisfied. The note binds the promissor to pay the promissee eighty dollars in rum, sugar, or molasses, within eight days of the date. The promissor has the right, therefore, of making payment in one or the other of these articles. The promissee has, also, by the condition of the note, a right to elect, within the eight days, which of the articles he will receive in payment. But this right of election must not be exercised in such a manner as to defeat the right of the promissor to perform his contract, by delivering the article selected within eight days. Hence, it follows, that the promissee must elect, if he intends so to do, in such season as will allow the promissor time to deliver the article within the eight days; and if he delays beyond that time, the promissor may, and is bound to perform his contract, by delivering one of the articles stipulated for. And the defendant, having failed to perform his contract within the eight days, became immediately liable on the note.

Judgment reversed.