## EWING and Others *v.* FRENCH.

*A.* sold and delivered to *B.* a quantity of wheat, for which *B.* promised to pay *A.* as much flour as the wheat was worth, when requested: *Held*, that in a suit against *B.* on this contract, the plaintiff must aver and prove a special demand of the flour.

*Held*, also, that if the declaration be amended, on the calling of the cause, by an averment of such a demand, it is a substantial amendment, and entitles the defendant, under the statute, to a continuance.

*Wednesday,*
*May 8.*

APPEAL from the *Knox* Circuit Court.—Assumpsit by *French* against *Ewing* and others. Plea, non-assumpsit. Verdict and judgment in favour of the plaintiff below.

HOLMAN, J.—The declaration in this case contains several counts in assumpsit; but it appears from the record, that the principal reliance must have been placed on the second. That count sets out, that the plaintiff having sold and delivered to the defendants a large quantity of wheat, to wit, 600 bushels, at their special instance and request, they undertook and promised that they would pay him so much merchantable flour as the wheat was reasonably worth, when they should be thereunto afterwards requested. It then avers the worth of the wheat in flour, of which the defendants had notice; that the defendants had not paid the flour, nor any part thereof; but that the same or any part thereof, they had wholly refused and failed to pay, &c. On the calling of the cause, the plaintiff obtained leave to amend his declaration; and amended the second count by inserting in the breach, a demand of the flour on the —— day of ———. In consequence of this amendment, the defendants moved for a continuance; which the Circuit Court refused to grant.

This motion for a continuance was founded on the 17th section of the act regulating the practice in the Circuit Courts; which among other things provides, that if the plaintiff obtains leave to amend his declaration, and makes the amendment in matter of form, the trial shall go on; but if he amends in matter of substance, the defendant may demand a continuance of the cause until the next term. Stat. 1817, p. 28 (1). Continuances generally depend on the sound discretion of the Court; but

here the legislature has thought proper to restrain that discre-tion, and give the Courts a positive rule for their regulation. We therefore consider that the Circuit Court has no right to exer-cise its discretion, in granting or refusing a continuance, when-ever the plaintiff amends his declaration with leave of the Court. If the amendment is formal, the plaintiff has a right to proceed to trial; if it is substantial, the defendant has a right to a con-tinuance. The legislature having thus determined the rights of the parties, it only remains for the Court to inquire whether the amendment is in form or substance. And here the books are generally plain and decisive. The substantial parts of a declaration are those things which are material in constituting the plaintiff's right to recover; the omission of which lies with-in the reach of a general demurrer. When we test this case by this rule, we shall find that a special demand of the flour, mentioned in the second count in the declaration, was a materi-al constituent of the plaintiff's right of action. The wheat was delivered for so much flour as it was worth whenever request-ed. The defendants were not bound to transport this flour to the plaintiff. He was bound to come to them and receive it. And unless he came to receive, and they failed to deliver the flour, his right of action was incomplete. There was no time fix-ed for the delivery of this flour; the defendants could not deliv-er it without the knowledge or presence of the plaintiff. It was therefore incumbent on him to make a special demand, and al-lege that demand specially in the declaration. This principle is either directly or indirectly supported by a variety of cases. Cro. Jac. 183, 432, 523.—1 Will. Saund. 33.—1 Wils. 33.—1 Str. 88.—5 T. R. 409.—2 Chitt. Pl. 44.—2 Buls. 229.—3 Buls. 298--9. Consequently the amendment of the declaration, insert-ing the demand, was in matter of substance; and gave the de-fendants a right to a continuance.

*Per Curiam.*—The judgment is reversed, and the proceed-ings subsequent to the motion for a continuance are set aside, with costs. Cause remanded, &c.

*Dewey* and *Tabbs*, for the appellants.

*Moore*, for the appellee.

(1) Acc. Stat. 1823, p. 295.—*Turpin* v. *Scott*, 5 Litt. 6.