Nov. Term,
1831.

KELLY
v.
DUIGNAN.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Hester*, for the plaintiff.

*Kinney*, for the defendant.

---

### KELLY v. DUIGNAN and Another.

A declaration in covenant, not showing the writing declared on to be under seal, was amended by the insertion of words describing the instrument as a writing obligatory. *Held*, that this was an amendment in substance, and entitled the defendant, under the statute, to a continuance.

*Tuesday,*
*November 8.*

ERROR to the *Owen* Circuit Court.—Covenant by *Duignan* and *Boggs* against *Kelly*. Demurrer to the declaration and judgment for the plaintiffs.

M'KINNEY, J.—Action of covenant for the payment of 800 gallons of whisky. The declaration contains one count. On the calling of the cause, the plaintiff obtained leave to amend his declaration. The amendment consisted in making profert, and introducing the words "by his certain writing obligatory," as essentially descriptive of the instrument. The defendant, upon the amendment being made, moved the Court to continue the cause, alleging the amendment to be of substance. The Court refused a continuance, and to its opinion the defendant excepted. We think the latter amendment was of substance. The action of covenant can only be brought upon a sealed instrument. The words "by his certain writing obligatory," or other words importing a specialty, are essentially necessary to be introduced into the count as descriptive of the instrument. Without these words, profert, a matter of form, would have been unnecessary, and the cause proceeding to judgment, would have been arrested or reversed on error. The defendant can claim, as a matter of right, a continuance when a substantial amendment has been made. *Ewing and others* v.

*French,* 1 Blackf. 170.—Rev. Code, 1824, p. 295. The refusal to continue the cause is error, and meeting us *in limine,* renders it unnecessary to advert to the subsequent proceedings.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Hester,* for the plaintiff.

*Naylor,* for the defendants.