MATTHEW H. HAWKS, plaintiff in error, *v.* SAMUEL LANDS, defendant in error.

*Error to McLean.*

If a declaration is defective in substance, and can be reached by a general demurrer, or not being defective in substance, any new matter is introduced in an amendment, showing a new or different cause of action, or extending in any manner the liability of the defendant, he will, as a matter of right, be entitled to a continuance.

Unliquidated damages arising out of covenants, contracts, or torts totally disconnected with the subject matter of the plaintiff's claim, are not such claims or demands as constitute the subject matter of set-off under the statute.

Interrogatories accompanying a commission to take a deposition need not be copied into the deposition. It is sufficient if they were proposed to the witness, answered by him, and so referred to, that the Court can see that it was fairly taken.

ASSUMPSIT in the McLean Circuit Court, brought by the defendant in error against the plaintiff in error, and heard before the Hon. Samuel H. Treat without the intervention of a jury, at the September term 1841, when a judgment was rendered in favor of the plaintiff below for $419·43.

The pleadings and ruling of the Court below are stated in the Opinion.

*A. Lincoln,* for the plaintiff in error.

As to the sufficiency of the plea of set-off, that it shows a cause of action in Covenant, see 2 Cond. R. 157, 160; 1 Ohio, 171–2; 2 Mass. 455; and that being such cause of action, it may by our statute be set off. *Edwards v. Todd,* 1 Scam. 464; *Nichols v. Ruckels,* 3 do. 298.

As to the question of continuance, see *Covell* v. *Marks,* 1 Scam. 525; *Ewing* v. *French,* 1 Blackf. 170; *Kelly* v. *Duignan,* 2 do. 420; and as to matter of substance, see 1 Eng. Com. Law R. 136; Cooper, 286, 288, head paging; 9 Johns. 291; 3 J. J. Marsh. 332.

*J. B. Thomas,* for the defendant in error, made the following points in answer to plaintiff's several assignments of error.

That the Court below denied defendant's motion for a continuance.

1. The record shows only a motion for a continuance, which was on affidavit. The motion referred to by the bill of exceptions does not show any other. That motion was properly overruled, as the facts in the affidavit were admitted.

2. If the record shows a motion on account of the amendment, that was properly overruled. 1 A. K. Marsh. 561.

The amendment was not one of substance. *Covell* v. *Marks,* 1 Scam. 525; Bre. 37; 1 Eng. Com. Law R. 136.

*First.* The third count showed a sufficient cause of action without this amendment.

*Second.* It was only defective in the matter of uncertainty.

*Third.* The evidence admissible under the count as amended was admissible under the common counts, and under the third count before amendment.

II. As to the second error assigned. This is untrue in point of fact. The Court did sustain demurrer to the third count. There was no plea to the third count.

III. The defendant took leave to amend his plea of set-off, and did amend it. He therefore cannot now assign for error that the demurrer was sustained to that plea. And as to amended plea, this Court cannot inquire into its legal sufficiency, because it nowhere appears upon the record. Gilman's Dig. 596; Bre. 19; 1 Scam. 281; Ib. 310; 2 do. 355; Ib. 77; 3 do. 92.

IV. The exceptions to deposition were properly overruled. The deposition of Tompkins does appear to have

been taken on the interrogatories attached to the commission, which is all that is required by law. See Gale's Stat. 244, § 1; Ib. 245, § 3.

*First.* This appears by examination of the *dedimus* and interrogatories returned by the commissioner, as required by the same section of the law.

*Second.* The requisition of the law, that the interrogatories shall be reduced to writing, &c. is merely directory to the commissioner, and the want of a literal compliance with it will not vitiate the deposition. It was so decided in reference to another branch of this same requisition. Ib. § 3; *Ballance* v. *Underhill*, 3 Scam. 457.

The Opinion of the Court was delivered by

PURPLE, J.* This was an action of *assumpsit* commenced by Lands against Hawks, in the Circuit Court of McLean county. The declaration contained three counts:

*First,* for money lent and advanced, paid, laid out and expended, and for money had and received to the use of the defendant in error;

*Second,* upon an account stated;

*Third,* upon a special count alleging that Lands and Hawks had been partners in trade and had dissolved; that the property and claims of the firm had been transferred to Hawks, who had agreed to pay all the debts of the firm; that Hawks had refused to comply with this agreement, and Lands had been compelled to pay $500 of said debts. This count, by leave of the Court, was amended so as to state that this payment of $500 was made to Thomas C. Rockhill & Co.

At the same time when this amendment was allowed, Hawks moved for a continuance which was overruled, and an exception taken. Upon the same day, and as it appears by the record, before the amendment made to the third count in the declaration, Hawks filed three pleas:

*First, non assumpsit;*

*Second,* a special plea of set-off, that in the year 1838

---

* WILSON, C. J. and LOCKWOOD, J. did not sit in the case. THOMAS, J. having been of counsel, took no part in its decision.

Lands conveyed to him lot No. (1) in Yager's addition to the town of Washington, for the consideration of $1200, with a covenant of seizin, alleging a breach of said covenant and claiming a set-off of the consideration money. A demurrer was sustained to this plea.

*Third*, a plea of payment.

Depositions had been taken in the cause to which an exception was filed by Hawks; that the interrogatories which accompanied a commission, and were returned with it, were not written out at length in the deposition; but it appeared that they were proposed to the witness by their numbers and a few of the first words of each. The exception was overruled.

The errors relied upon by the plaintiff are,—the overruling the motion for a continuance, the sustaining of the demurrer to the second plea, and the overruling of the exception to the deposition. The Court is of opinion that there is no error in this record.

The amendment to the third count was unnecessary and immaterial. It is shown by the record that the Circuit Court did sustain a special demurrer to this count. The demurrer, however, was filed after the plea of *non assumpsit* to the whole declaration and issue upon the plea, consequently the demurrer to a particular count was irregular, and will not be noticed in this Court. The demurrer was a special one, and only reached supposed formal defects in the count; consequently, if it had been filed before the plea, the decision here would have been the same. The count, without the amendment, was good in substance. The defendant could have given all the evidence under it, that he could have been permitted to introduce under the amendment. No new matter essential to the cause of action or demand was introduced into the count. It was only a more particular specification of the defendant's claim, as originally set out in the declaration. In fact, it defined and limited, rather than enlarged and extended his cause of action.

The authorities cited do not sustain the plaintiff's position upon this point.

The case in the 1st English Com. Law R. 136, decides

that an issue made upon a general allegation of the breach or performance of the conditions of a penal bond is an immaterial issue. That case differs from the one under consideration in this: That the count here alleges, not only that the defendant below had not performed his promises and undertakings, but also, that the plaintiff in that Court had been compelled to pay the sum of $500 to the creditors of the firm. Had it contained only the first allegation, the cases would have been parallel and the issue immaterial.

In the case of *Covell* v. *Marks*, 1 Scam. 205, the amendment made was by adding to the description of the note, the words "with twelve per cent. interest from date until paid." This amendment was held to be material, and properly so. It made another and different cause of action; it extended and enlarged the defendant's liability, and without the amendment, there would have been such a variance between the note declared on and the one offered, as would have excluded the evidence upon the trial.

In the case of *Ewing* v. *French*, 1 Blackf. 170, French had sold Ewing a quantity of wheat, for which Ewing was to pay in flour when requested. The declaration was amended so as to aver a demand for the flour. The amendment was held to be matter of substance and necessary to the plaintiff's right to recover. In the course of their opinion the Court held the following as the true rule which should govern in these cases: "The substantial parts of a declaration are those things which are material in constituting the plaintiff's right to recover; the omission of which lies within the reach of a general demurrer."

The same doctrine is re-affirmed in the case of *Kelly* v. *Duignan*, 2 Blackf. 420. The action was covenant. The amendment introduced the words, "by his certain writing obligatory." They were held to be essential, as descriptive of the instrument sued on, and the Court say that if the cause had proceeded to judgment without the amendment, it would have been reversed on error.

The reasonable rule upon this subject is, that if a declaration is defective in substance, and can be reached by a

general demurrer, or, not being defective in substance, any new matter is introduced in an amendment, showing a new or different cause of action, or extending in any manner the liability of the defendant, he will, as a matter of right, be entitled to a continuance.

We are also clearly of opinion, that the demurrer to the plaintiff's second plea was properly sustained. Unliquidated damages arising out of covenants, contracts, or torts totally disconnected with the subject matter of the plaintiff's claim, are not such "claims or demands" as constitute the subject matter of set-off under our Act of Assembly. To give this construction to the statute would invest justices of the peace with full jurisdiction over questions involving the title to and covenants concerning real estate, compel parties to litigate all their rights, of whatever nature or kind, in one action, and result in irremediable injustice and endless confusion.

The cases of *Edwards* v. *Todd*, 1 Scam. 462, and *Nichols* v. *Ruckels*, 3 do. 298, have only gone the length of deciding that damages arising out of the contract on which the suit is brought are properly the subject matter of set-off in such suit. These decisions are within the true meaning and spirit of the law. We find no warrant in the law for extending the doctrine so as to permit it to embrace the subject matter of this plea.

The last point made by the plaintiff's counsel is not much relied on. The decision of the Court was right. There was no necessity that the interrogatories accompanying the commission should be copied into the deposition. It is enough that they were proposed to, and answered by the witness, and so referred to, that it could be seen by the Court that the depositions were fairly taken. The design of omitting the interrogatories was probably to save expense to the parties. If so, it was a laudable one, and, as in general it cannot operate unjustly, worthy of imitation.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*