Frazee v. McChord.

No demand is necessary before suit on a contract payable in specific articles when the time and place of payment are fixed in the contract, or when the time of payment is fixed and the place is left undetermined.

On such contract a demand before suit is necessary when the place of payment is fixed by the contract, but the time is left undetermined; when the time and place are both left undetermined; and when the contract is to pay on demand; but on a contract to pay money, a demand is not necessary.

*Wednesday,
December 6.*

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—This was an action of assumpsit commenced before a justice of the peace by *Joseph McChord* against *Elizabeth Frazee,* to recover the value of some carpenter work, done, as is alleged, by the former for the latter. Judgment before the justice for the plaintiff for 60 dollars and 60 cents. Appeal by the defendant to the Circuit Court; trial there without a jury and judgment for the plaintiff for 20 dollars.

The evidence is upon the record, and it is contended that it does not justify the judgment of the Court. It is claimed that the work was proved to have been done under a special contract by which it was to be paid for in trade; that a demand for such trade was necessary before suit, and that none was made. It is also claimed that the work was not performed at the request of the defendant below, the plaintiff in error, and that hence she is not liable at all to pay for it.

It appears that the work was done upon a house of *Elizabeth Frazee,* the defendant below, and that the prices charged for its various items are reasonable. The evidence, as to the special contract and the demand, is as follows:

"The defendant (below) called *Alfred Frazee,* her son, a competent and credible witness, who, being duly sworn, stated, that previous to and at the time the plaintiff (below) was doing the work on said house, he, witness, was a married man; that he resided on the defendant's farm and assisted in carrying on the business; that he had no stipulated wages nor any specified portion of the crops,

but that the defendant allowed him to use the products of the farm as far as was necessary for the support of his family; that no account was kept of what he used, nor of his services; that just before he employed the plaintiff to do. the work on said house, (it being occupied by a tenant of the defendant and unfinished) he, witness, was desirous of moving from the farm into said house, and asked permission from the defendant to have it finished so that he might do so, to which she consented; that he then informed her he intended to employ the plaintiff to do the work, but she told him she did not wish him to have anything to do with the plaintiff, *McChord*, that he had better get *Wells* to do it; that he then endeavored to employ *Wells*, but could not, of which fact he informed the defendant. She then told him to get whomever he pleased; that he then engaged the plaintiff to do the work, he agreeing to take his pay in such trade as suited him; that nothing was said between plaintiff and witness as to whom the former was to look for payment; the defendant's name was not mentioned; that the house upon which the work was done, was upon the defendant's land and but a short distance from her dwelling; that she knew of the performance of the work as it progressed, and that, during the time, he, witness, let the plaintiff have, of the defendant's property, corn, wood, &c., in part payment for the work done."

*John Childers*, a competent witness, stated "that the plaintiff gave him an order on the defendant for 20 dollars on account of work done on said house by the plaintiff; that when he presented it to the defendant, she said she had not the money; she would pay the order as the work had to be paid for; if she had any trade that would suit witness, she would let him have it on the order; she named several kinds, but as they did not suit witness, he took none." This is all the evidence that is material.

As to the liability of Mrs. *Frazee* to pay for the work in question, though no express request or promise on her part, prior to the performance of the work, is proved, still we cannot say that the jury might not have inferred

from the evidence that her son, *Alfred*, was acting, in the premises, as her agent, and hence found that she was bound to fulfil the contract made by him. As to the character of the contract, it was clearly one payable in trade; specific articles; and one in which the time and place of payment were not fixed by the contract; and the first question here is, was a demand necessary by the payee before suing on it?

We think the authorities establish the following propositions relative to contracts payable in specific articles:

1. When the time and place of payment are fixed in the contract, no demand is necessary, before suit.

2. When the time of payment is fixed and the place is left undetermined by the contract, no demand is necessary.

3. If the contract be to pay on demand, a special demand before suit is necessary; though on a contract to pay money such demand is not necessary.

4. When the place of payment is fixed by the contract, but the time is left undetermined, a demand before suit is necessary.

5. When both the time and place of payment are left undetermined by the contract, a demand before suit is necessary. *Ewing* v. *French*, 1 Blackf. 170.—*Johnson* v. *Baird*, 3 id. 153—182.—*Dorman* v. *Elder*, id. 490.—*Townsend* v. *Wells*, 3 Day. 327.—*Russell* v. *Ormesby*, 10 Vermont, 274.—*Peck* v. *Hubbard*, 11 id. 612.—1 Swan's Pr. 309; 326, note R.—2 Kent, 508, note C. and authorities cited.—*Cook* v. *Fernell's*, admr., 13 Wend. 285; and see 5 T. R. 409 (1).

The contract in the case before us being one in which both the time and place of payment are left unspecified, a demand before suit was necessary; in an action commenced in the Circuit Court, it should have been averred in the declaration and proved on the trial; in an action before a justice of the peace, it should at least have been proved on the trial.

The remaining question is, was a demand proved? We think not. *Childers* testified that he called on Mrs. *Fra-*

*zee* with an order for, as we must understand, cash, and requested its payment. It was refused, but trade was offered. None suited *Childers*, and as he had a cash order, from which we infer, if it was for a debt due him, he was entitled to a cash payment from *McChord*, it is probable no trade whatever would have suited him; at any rate, he does not appear to have designated any such to Mrs. *Frazee*. And if the order was not for a debt due him, he had no right, so far as appears, to accept anything in payment but cash. The contract in the case, however, was to pay in such trade as suited *McChord*. Under this contract he was bound to be suited with some kind of trade within a reasonable variety, and according to the intention of the parties at the time of the contract, and in a demand for it, should have specified the kind he wished for; after which Mrs. *Frazee* would have been entitled to a reasonable time to furnish it. The judgment below must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Quarles*, for the appellant.

*H. Brown*, for the appellee.

(1) In an action on a promissory note for 80 dollars, to be paid in good *West India* rum, sugar, or molasses, at the election of the payee, within eight days after date, it was held to be unnecessary to aver that the payee made his election and gave notice thereof to the promissor, as the latter was bound, at all events, to make payment in one of the articles specified, within eight days, and on failure became immediately liable.—*Townsend* v. *Wells*, 3 Day's Cases in error, 327.

Where a contract is made for the payment of specific articles, such as the payee should select, at a place designated, but no time is fixed for the payment, such articles are payable on demand.

In such case, a demand, with a designation of the articles selected, is an indispensable pre-requisite to the right of action upon such contract.

But if a *time* of payment be fixed by the contract, the omission of the payee to designate the articles, is a waiver of his right of selection, and throws the selection upon the payor, who must perform his contract within the time limited.

A demand of pay upon such contract, accompanied by a refusal to select the articles in which payment is to be made, is insufficient.

If, in such case, the payee demand no more than is due, the refusal of the payor to pay him so much as is demanded, would excuse the omission to

Nov. Term,
1848.

make the selection; otherwise, if he demand too much; in which case the payor would be excused from making a tender.—*Russell* v. *Ormsbee*, 10 Ver. R. 274.

In the case of a note payable in specific articles, at a fixed time, at such place as the payee shall elect, if no election is made by him, in reasonable time to enable the maker to pay the note before the time of payment elapses, the maker may, at such place as he shall elect, tender payment, and notify the payee of such tender.

In such case the election of a place of payment, by the payee, is not a condition precedent, but a mere privilege, which, if not exercised in a reasonable time, is waived.—*Administrator of Peck* v. *Hubbard*, 11 id. 612.

If a note be made payable at a particular place, a presentment and demand are not necessary to entitle the holder to recover against the maker.—*Hart et al.* v. *Green*, 8 id. 191.

A promissory note of the defendant's promising to pay so much *at their banking-house at W.*, requires a demand of payment *there* in order to give the holder a cause of action, if it be not paid.—*Sanderson* v. *Bowes et al.*, 14 East. 500.

Payment of a promissory note made payable at a certain place named in it, must be demanded there before the makers can be sued on it.—*Dickinson* v. *Bowes et al.*, 16 id. 110.

See also *Eastman* v. *Potter*, 4 Ver. 313.—*Aldis et al.* v. *Johnson*, 1 id. 136. —17 Johns. 248.—8 Cowen, 271.—*Bank of U. S.* v. *Smith*, 11 Wheat. 171.— *Jones* v. *Berkley*, Doug. R. 665.—*Laughton* v. *Johnson*, 1 East. 203.—*Morton* v. *Lamb*, 7 T. R. 125.—*Brooks* v. *Page*, D. Chip. R. 340.—*Worseley* v. *Wood*, 6 T. R. 719–722.