## MARSHALL *v.* FERGUSON.

A SALE of growing crops, the product of periodical planting and cultivation, does not come within the provisions of the Statute of Frauds, relating to sales of an interest in real estate, and therefore, though not in writing, is valid.

Where A purchases personal property worth more than two hundred dollars of B, but B does not deliver him possession of the same, and A then sells the goods to C, a third party, and receives his pay for the same, the sale by A to C is a sufficient delivery by B, and A cannot avoid the payment of the purchase money for want of delivery, or a note or memorandum in writing.

An agreement to pay a fixed sum in grain, at the market price on a day specified, if not fulfilled by the delivery of the grain at the time fixed, becomes a debt payable in money.

Marshall *v.* Ferguson.

Where such an agreement exists, no demand of the grain is necessary, but a failure to deliver, makes the sum fixed, a money debt.

When the case made by plaintiff's proof differs from the averments of the complaint, and defendant makes no objection to the introduction of the evidence on this ground, the Supreme Court will not reverse the judgment on account of the variance.

APPEAL from the Fifth Judicial District, San Joaquin County.

Comstock died, leaving lands in San Joaquin County, and Hestres was appointed his administrator. A crop of grain was growing on the lands, but it was in the possession of other parties, the administrator not having reduced it to possession. The administrator gave Marshall, the plaintiff, a written lease of the land, and Marshall, about three weeks before the grain ripened, sold the growing crop to Ferguson, the defendant; Ferguson agreeing to pay him therefor six hundred and fifty dollars in grain. No note or memorandum in writing was made of the agreement. There was no delivery of possession either by the administrator to Marshall, or by Marshall to Ferguson. Ferguson, after his purchase, sold the growing crop to the parties who were in possession of the land, and received his pay therefor. The complaint averred the sale of barley and wheat to defendant at his request, and his promise to pay therefor. The answer was a specific denial of each allegation.

*Cobb* and *Tyler*, for Appellant.

No delivery alleged, and nothing alleged to show waiver of delivery. (Wood's Dig. Art. 404.)

If plaintiff's case came within either of the exceptions mentioned, the complaint should allege it. (*Thurman* v. *Stevens*, 2 Duer, 610; *LeRoy* v. *Shaw*, Id. 626.)

The contract upon which plaintiff seeks to recover should have been in writing in order to be actionable, and should have been so set forth in the complaint. (See cases above cited.)

Plaintiff's case as proved is not the case alleged, and as proved does not constitute a cause of action. Case alleged is for sale of barley and wheat for six hundred and fifty dollars. Case proved is a sale of growing crop. A growing crop is an interest in lands. (Wood's Dig. Arts. 394, 396.)

Marshall *v*. Ferguson.

Again, the case alleged is a promise to pay six hundred and fifty dollars in money, on the first of October, 1862. The case proved is a promise to pay six hundred and fifty dollars in grain at the market price on the first of October, 1862. (Sugden on Vendors, 162; *Robertson* v. *Robertson*, 9 Watts, 62; *Jervis* v. *Smith*, 1 Hoff. Ch. Cases, 470.)

" Formerly a delivery of goods by the seller was held sufficient to take the contract out of the Statute of Frauds. But it is now clearly settled that in order to satisfy the statute there must be a delivery of the goods by the vendor, with an intention of vesting the right of possession in the vendee, and there must be an actual receiving and acceptance by the latter, with the intention of taking possession as owner. It lies upon the plaintiff to make out there was such delivery and acceptance. And it must be an ultimate acceptance, such as completely affirms the contract." (Hilliard on Sales, 161; *Redington* v. *Roberts*, 25 Vt. 693.)

IV. Plaintiff should have demanded delivery of grain of defendant. Where no particular place of delivery is named, the demand and delivery must be at the debtor's residence, or where the property was at the time of contract. (2 Kent's Com. 691, marg. 508.)

A contract payable in portable specific articles at a day certain, not at any specific place, is payable at the creditor's residence. In the case of a merchant or a mechanic who gives an engagement to pay in merchandise, or in his manufactures, the shop of the debtor is the place of payment. (Chip. on Contracts, 28—30.) And there must be a demand at his place of residence. (Id. 49.)

*Tod Robinson*, for Respondent.

The first point made in support of the motion for a nonsuit was, the sale of growing crops was the sale of an interest in lands, and to be effective must be in writing. This proposition is denied, I believe, by all the authorities, and certainly by the two here quoted. (*Green* v. *Armstrong*, 1 Denio, 554; *Bank of* —— v. *Crary*, 1 Barb., S. C., 544.)

The second ground for nonsuit was, that there was no delivery, no memorandum in writing, nor any part of the purchase money

Marshall *v.* Ferguson.

paid, and so the sale was void under the statute. The fact that defendant sold the growing crops to others, and received the money therefor, is fatal to this objection. The rule of law is, where payment is to be made in a specific article at a certain time, it is the duty of the debtor to seek the creditor and make the tender in whatsoever manner it is susceptible of being made at the time stipulated, and failing this, the amount fixed becomes due and payable in money. (2 Kent, 690, marg. 507.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover six hundred and fifty dollars, for barley and wheat alleged in the complaint to have been sold by the plaintiff to the defendant. The case was tried by the Court, and after the plaintiff had closed his evidence the defendant moved for a nonsuit, which was refused. The Court, after hearing all the evidence, ordered judgment to be entered for the plaintiff, from which defendant appeals.

The first error assigned is that the Court erred in refusing the nonsuit. The evidence showed that the sale to the defendant was of growing crops of barley and wheat, and not of grain of those kinds, as alleged in the complaint; that these crops were growing on lands in the possession of various persons, and that after his purchase the defendant had resold the same to the parties in possession of the land, and had received his pay therefor, from all except one of them. It further appeared that the defendant's agreement was to pay the six hundred and fifty dollars in grain at the market price, on the first day of October, 1862, but he had failed to deliver the grain at that date.

The grounds of the motion for the nonsuit were that the sale of growing crops was of an interest in land, and therefore it must be in writing, under the Statute of Frauds; that as a sale of goods and chattels it was void, being for a sum exceeding two hundred dollars, and not in writing, and no delivery having been made; that the plaintiff had failed to prove any title to the property, and that there was no proof that the grain the defendant had agreed to pay for had ever been demanded of him.

Marshall *v.* Ferguson.

The crops contracted for in this case are the product of periodical planting and cultivation, and the law* appears to be well settled, both in the English and American Courts, that sales of growing crops of that character do not come within the provision of the Statute of Frauds relating to sales of an interest in real estate, and therefore such sales, though not in writing, are valid. (Browne on Stat. of Frauds, Secs. 250–258; *Green* v. *Armstrong*, 1 Denio, 550; *Smith* v. *Bryan*, 5 Maryland, 141; *Safford* v. *Annis*, 7 Maine, 168; *Bostwick* v. *Leach*, 3 Day, 476.) The objection that the sale was of an interest in real estate, and must be in writing, is therefore untenable.

The next point is, that as a sale of goods and chattels it was void for want of delivery and a written memorandum of the sale. The fact that defendant sold the crops to other parties was a sufficient delivery within the statute. (Browne on Stat. of Frauds, Sec. 322; *Chaplin* v. *Rogers*, 1 East. 192.)

There was sufficient evidence of plaintiff's title to the crops, and his right to sell them. Even if there had been a defect of proof on this point, the defendant could not avail himself of it after he had sold the property and received the pay therefor.

The next question is, was it necessary for the plaintiff to demand of the defendant the grain he agreed to deliver for the growing crops before commencing suit? The defendant agreed to pay the six hundred and fifty dollars in grain at the market price, on the first day of October, 1862. It was not an agreement to deliver any specific parcel or quantity of grain, but he was to deliver a sufficient quantity which at the market price would amount to the sum of six hundred and fifty dollars. It is to be observed, too, that the *time* of delivery was fixed. The grain was not to be delivered on demand, but on a certain day that was named. Under these circumstances it was the duty of the defendant to deliver the grain, on or before the day named, to the plaintiff, and his failure to do so made him liable to pay the sum named in money. After the day named, the plaintiff was under no obligation to receive payment in grain, and no demand of the grain by him was necessary. (*Goodwin* v. *Holbrook*, 4 Wend. 377; *Peck* v. *Hubbard*, 11 Vermont, 612; *Townsend* v. *Wells*, 3 Day, 327; 2 Parsons on Contracts, 163.)

It is further objected that the proof varied from the allegations of the complaint. This objection would have been good had the defendant made it at the proper time, which was when the evidence was introduced. The case made by the proof differs from the averments of the complaint in almost every essential particular; and if the defendant had objected to its introduction it would have been the duty of the Court to have excluded it until the pleadings had been made to conform to the real facts of the case. But the defendant made no objection on this ground, either at the time of the introduction of the evidence or at any other time, in the Court below, nor is it included in his grounds of appeal or assignments of error filed in this Court. Under these circumstances we cannot entertain this question. It is too late to present it here for the first time; for if it had been suggested in the Court below at the proper time, the Court might have allowed the plaintiff to amend his complaint, so as to make it conform to the proof.

The last point raised is, that the action was tried by the Court, who filed no findings in the case. Sec. 2 of the Statute of 1861, page 589, provides that, "In cases tried by the Court, without a jury, no judgment shall be reversed for the want of a finding, or for a defective finding of the facts, unless exceptions be made in the Court below to the finding, or to the want of a finding." No exception was taken by the defendant for want of a finding, nor did he ask or require the Court to file any findings in the case. It comes clearly within the provisions of this statute, and this Court cannot, therefore, reverse the judgment on that ground.

We have examined all the questions presented by the appellant, and find no valid ground for reversing the judgment, and it is therefore affirmed.