# IN GENERAL TERM, 1872.

GEORGE W. BENNETT *v.* GEORGE W. BAKER ET AL, Appellants.

Appeal from RAND, Judge.

PLEADING—*amendment of*—
BILL OF EXCEPTIONS—*when, and how defective.*

It is within the discretion of the Court to allow an amendment to a complaint during the progress of the trial.

An amendment will not work a delay in the trial, unless it is shown by

affidavit that the defendant is prejudiced thereby in his preparation for the trial.

A bill of exceptions contained the following statement:

"The plaintiff then introduced the following evidence, (here insert all the evidence), which was all the evidence given in said cause"—

*Held:* that evidence can not be made a part of a "bill of exceptions" in this way, although there are papers which appear to be notes of evidence, yet bear no marks of filing, and nothing to show an agreement of parties, that they contain the evidence.

*Bradbury & Bloomer*, for appellant.

*Hanna & Kneffler*, for appellee.

BLAIR, J.—The complaint in this case was a common count for work, and labor done for the defendants. Issues were joined in the complaint, and the cause submitted to the Court for trial, and after a portion of the evidence of the plaintiff was heard, the plaintiff, by leave of Court, filed a second paragraph of complaint, alleging that the work, and labor was done for the defendants under a written contract, which was made a part of the second paragraph. To this the defendants objected, for three reasons, as set out in the bill of exceptions:

*First,* Said amendment made an entirely new cause of action, and one which the defendants were wholly unprepared to meet, and defend.

*Second,* That it was too late to make the amendment after the trial had commenced.

*Third,* That the amendment was a departure from the original cause of action.

The reasons urged against the amendment allowed by the Court, were not well founded. It was within the discretion of the Court to allow the amendment to be made, and Sections 97, and 98, of the Code, 2 G. & H., page 117, provide that " No cause shall be delayed by reason of an amendment, excepting only the time to make up issues, but upon good

cause shown by affidavit of the party, or his agent, asking such delay"—"And the affidavit shall show distinctly .in what respect the party asking the delay has been prejudiced in his preparation for trial by the amendment."

We see no error in overruling the defendants' objections.

Issues were joined on the second paragraph of complaint, and the trial proceeded. Objection was made by the defendants to the introduction in evidence by the plaintiff, of the written contract, filed with the second paragraph of complaint, for the reason that it was immaterial, and incompetent, having been offered in evidence in a former trial between the same parties, for the same services for which plaintiff now seeks to recover.

We know of no rule by which the evidence could have been excluded at the time it was offered by the plaintiff, for the reasons given by the defendants, and it was properly admitted in evidence. The bill of exceptions also says that the defendants objected to all of plaintiff's evidence, and every part thereof, for similar reasons. There is nothing in this objection. It is also set out in the bill of exceptions, that the defendants offered to prove by William B. Green that in a former trial " between these parties, these defendants offered to go into the trial of all the issuess made by the pleadings in the cause, and for that purpose propounded the following questions to William B. Green, a competent witness, to-wit: "If all the allegations in the complaint were inquired into in the former trial in this Court, you may so state?"

" If objections were made to the trial of all the issues embraced in the complaint, and answer in the trial of the former case between these parties, you may so state, and by whom made ?"

The plaintiff objected to the proposed evidence, and the objection was sustained by the Court.

We can not see the relevancy of the evidence proposed,

nor what was intended to be proven by the defendants, and are of opinion that it was not error to exclude it.

Judgment was rendered for the plaintiff, and the defendants moved for a new trial for the following reasons:

*First,* Error of the Court in assessing the amount of recovery.

*Second,* The damages are excessive.

*Third,* The finding of the Court is not sustained by the evidence.

*Fourth,* That the finding of the Court is contrary to law.

*Fifth,* The rejecting evidence offered by the defendants, that should have been received.

*Sixth,* For receiving evidence offered by the plaintiff that should have been rejected.

*Seventh,* For sustaining the attachment against the property of the defendants in the absence of any evidence to warrant it.

The bill of exceptions contains the following statement: " The plaintiff then introduced the following evidence, (here insert all the evidence), which was all the evidence given in said cause."

Evidence can not be made a part of a bill of exceptions in this way. 2 G. & H., page 209, Sec. 343. There are papers which look like they might be notes of evidence in the cause. There are no marks of filing, or anything in the record showing there has been an agreement of the parties that they contain the evidence. See also in this connection, *Mills* v. *Simmons,* 10 Ind., 464.

Hence no question can be considered by the Court in connection with the evidence, and this disposes of the reasons assigned under the *first, second, third, fourth,* and *seventh* specifications of the motion for a new trial. The *fifth* and *sixth* have already been disposed of.

The judgment is affirmed.

3

NOTE.—The only question in regard to the admissibility of an amendment of the pleading now is, whether it introduces another, and distinct cause of controversy. If it does not, but the original cause of action, or ground of title, or defense is adhered to, the allegations, and pleadings may be amended. 2 *Greenl. Ev.*, *Sec.* 11 *b.*, *and authorities cited;* 3 *Mass.*, 208; 5 *Pick.*, 304; 5 *Binn.*, 53; 1 *Blackf.*, 170.

See also concerning amendments—2 *Blackf.*, 420; 5 *do.*, 84, 200, 374, 566, 571; 6 *do.*, 80, 419, 456, *and* 8 *do.*, 333, 503.

The statutes of amendment were designed to meet variances arising from accidental slips, and not to extend to cases where the pleading has been intentionally, and deliberately, but erroneously framed. 2 *Carrington & Kirwan Reps.*, 372.

The English Courts have *refused* amendments where the object was merely to supply material *omissions*, as well as where the amendment will probably *deprive* the defendant of a *good defense*, which he otherwise might have made, or would probably require new pleadings, or would introduce a *transaction entirely different* from that stated in the plea. 2 *Greenl. Ev.*, *Sec.* 11 *e*, *and* cases cited.

The Judge's discretion, in allowing, or refusing amendments, like the exercise of judicial discretion in other cases, can not in general be reviewed by any other tribunal. 1 *Greenl. Ev.*, *Sec.* 73, *and authorities cited.* American cases cited in 1 *Metcalf & Perkins' Digests*, *p.* 142, 165.

*As to amendments at the trial*, in case of variance in setting out written instruments, see 1 *Chitty Pl.*, 14 *Am. Ed.*, 319, *and note* F; *Tidd's Practice*, 9*th Ed.*, *tit. amendment.*

Defects in pleading, when, and how aided. *See* 1 *Chitty Pl.*, 14*th Am. Ed.*, 671, *and notes.*—[REPORTER.