# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## APRIL TERM, 1873.

[No. 3,138.]

## W. B. JOHNSON *v.* W. S. MOSS.

NONSUIT FOR VARIANCE.—When the plaintiff proves a contract essentially different from the one declared on, the defendant is entitled to a nonsuit on the ground of variance.

RIGHT TO MOVE FOR A NONSUIT.—The defendant is not precluded from moving for a nonsuit, because he permitted the testimony to be introduced without objection, when the testimony of the plaintiff proves a contract different from that declared on.

PRESUMPTION AS TO COMPLAINT.—As against the plaintiff, the presumption is that his complaint correctly states the contract which was the cause of action.

PARTY FIRST VIOLATING CONTRACT CANNOT COMPLAIN.—The purchaser of the good will and franchise of a ferry, who agrees to pay a certain price for the same, must fulfill his contract and pay the money, before he can be heard to complain that the seller has reëstablished the ferry.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The defendant was the owner of a public ferry across the San Joaquin River, at a point known as Shepherd's Ferry,

or Mossdale, and the plaintiff owned another ferry known as Johnson's Ferry, at a point a short distance below Mossdale.

The plaintiff alleged in his complaint "that on said 1st day of May, 1865, he purchased of defendant, for the consideration of fifteen hundred dollars, gold coin of the United States, the good will and franchise of defendant's said ferry, and that defendant, for the consideration aforesaid, agreed that he would remove and dispose of his ferryboat and fixtures at said ferry, and would not at any time establish or maintain, or permit to be established or maintained, any public ferry at the point on the San Joaquin River known as Shepherd's Ferry, or Mossdale.

"Plaintiff alleges, that in pursuance of said contract, and for the consideration aforesaid, defendant, in the month of May, 1865, did remove and dispose of his said ferryboat and fixtures, and did cease to maintain a ferry at said point for a long time thereafter, to wit: for the space of about four years.

"Plaintiff further alleges, that afterwards, to wit: about the 1st day of June, 1869, the defendant, in violation of said contract, did establish, and from that date hitherto has continued to maintain, a public ferry at said point, called Shepherd's Ferry, or Mossdale, and that by reason of the establishing and maintaining of said ferry plaintiff has been damaged in the sum of fifteen hundred dollars."

On the trial the plaintiff testified:

"I bought the ferry from Captain Moss—bought the right of way of his ferry. I was to give fifteen hundred dollars for it. The agreement was, he was to do away with the Shepherd's Ferry—there was to be no ferry there. The agreement was to be in writing—that is, he was to give me a guaranty in writing that there should never be any more ferry in there. There was no agreement in writing."

The testimony of plaintiff also showed that he paid de-

fendant only seven hundred and seventy dollars on the contract, and that he offered to pay defendant the remainder of the fifteen hundred dollars if defendant would give him a written guaranty that there should be no other ferry kept there, and that the defendant refused the guaranty in writing.

The defendant moved for a nonsuit, on the ground that the contract had not been proven. The Court denied the motion. The defendant, after the plaintiff refused to pay the balance of the purchase money, established another ferry. The Court below rendered judgment for plaintiff, and the defendant appealed.

The other facts are stated in the opinion.

*Byers & Elliott*, for Appellant.

*D. S. Terry*, for Respondent.

By the Court, BELCHER, J.:

The contract, as it is set out in the complaint, did not require the defendant to give to the plaintiff any written guaranty that he would not reëstablish his ferry. It is simply alleged that the plaintiff purchased of the defendant, for the consideration of one thousand five hundred dollars, the good will and franchise of the ferry, and that the defendant agreed to remove his ferryboat and fixtures, and that he would not again establish or maintain a ferry, or permit one to be established or maintained at the same point.

As against the plaintiff the complaint must be presumed to state correctly the terms of the contract. When, therefore, the plaintiff proved by his own testimony that he bought the right of way of the defendant's ferry, and that the defendant was to give him a written guaranty that "there should be no more ferry there," he proved a contract essen-

tially different from the one declared on, and for that reason the motion for nonsuit should have been granted.

Moreover the case shows that the defendant discontinued his ferry for about four years, and only reëstablished it after frequent requests to and refusals by the plaintiff to pay him the balance of the sum agreed to be paid for it. This refusal to pay was based upon the fact that the defendant declined to give a written guaranty which, as we have seen, the contract declared on did not require him to give. The plaintiff then was the first to violate the agreement, and if, under these circumstances, he suffered damage, we do not see how he can be heard to complain of it. He should have performed his part of the agreement before insisting upon performance by the defendant.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice RHODES did not express an opinion.

[After the foregoing opinion had been delivered, a rehearing was granted. The following opinion was delivered at the April Term, 1873, and after the rehearing:]

By the COURT:

The motion for nonsuit was made upon the ground that the contract had not been proved. The contract referred to was, of course the contract set up in the complaint. That had not been proved, but a different contract. No objection was taken to the testimony as it was introduced, but the defendant was not thereby precluded from moving for a nonsuit, on the ground that it failed to prove the contract declared on.

In *Marshall* v. *Ferguson*, 23 Cal. 65, the motion for nonsuit was upon grounds wholly different from the one sought

to be availed of in this Court, and it was considered too late to raise the point here for the first time. That case is not in conflict with our former decision in this case.

We still adhere to our former opinion, and the judgment and order are, therefore, reversed and the cause remanded.