HEARD APRIL TERM, 1879.

CASE No. 756.

THE SOUTH CAROLINA RAILROAD COMPANY v. JAMES BARRETT.

1. In an action by a principal against his agent, charging violations of a parol contract, the plaintiff, without objection from defendant, introduced in evidence a bond executed by such agent prior to the alleged breaches, conditioned for the faithful performance of his duties as such agent. *Held,* that the defendant had waived the right to make afterwards the objection that there was a variance between the pleadings and the facts proven. McIVER, A. J., *dissenting.*

2. A referee may, after the hearing before him, permit the plaintiff to amend the complaint, for the purpose of conforming the pleadings to the facts proven. In this case, such amendment was not necessary. McIVER, A. J., *dissenting,* and holding further that, even if amendment was proper, the defendant should have had opportunity to answer.

Before Thomson, J., at Aiken, April, 1878.

The case is fully stated in the opinion of the court, and in the dissenting opinion of Associate Justice McIver.

*Mr. J. P. Carroll,* for appellant.

*Mr. D. S. Henderson,* for respondent.

September 18th, 1879. The opinion of the court was delivered by

Willard, C. J. The action is in the nature of *indebitatus assumpsit,* for wrongful misconduct of the defendant, as the agent of the plaintiffs, in giving credit for freight on goods delivered to certain parties, in the place of demanding payment upon said delivery, as by the contract and duty of defendant as such agent, he was bound to do, and seeking to charge such amount against the defendant. The answer alleges that, at the time of the delivery of said goods, without demanding freight thereon, the plaintiffs were indebted to the parties to whom the goods were so delivered, in an amount exceeding the amount of freight due.

The cause was referred by consent, and judgment was given for the plaintiffs. Certain exceptions to the rulings of the referee, that have been passed upon and overruled by the Circuit Court, are brought up by the present appeal.

The defendant moved for a nonsuit, on the ground of a variance between the pleadings and the proofs. The facts out of which such exception arises are that, on the trial, the plaintiff offered in proof a bond, executed by the defendant with sureties, prior to the transactions stated in the complaint, conditioned for the due observance of the duties of his office as such agent, and stating the character of such duties. No objection appears to have been made to such proof on the part of the defendant, and it must be regarded as primarily the proof of the terms of contract between the parties relative to the matters alleged in the complaint.

Whether the defendant could have, by his objection, excluded

the bond, or put the plaintiff to demanding an amendment of his complaint before introducing such proof, need not be considered, as no such objection appears to have been made. Having failed to object to the introduction in evidence of the bond, all objection on the ground of variance between the pleadings and proofs in that respect was waived, and that question could not be opened upon a motion for nonsuit. The only ground for a nonsuit was that the bond did not not set forth an agreement sufficient to constitute a cause of action, or that a breach thereof could not be legally inferred from the evidence; but no such ground of motion appears to have been presented to the referee. The defendant not having objected to the evidence, it was the duty of the referee to proceed with the hearing. *S. P. Manufacturing Company* v. *Thew,* 5 *S. C.* 10.

Another objection is, that the referee permitted the plaintiff to amend by setting forth the bond in his complaint. It is not distinctly stated, but must be inferred, that this amendment was made after the hearing before the referee for the purpose of conforming the pleadings to the facts proved. .Such an amendment is allowed by Section 196 of the code, and is designed to meet the case of a variance between the pleadings and the proofs as a means of exhibiting on the record the issues actually tried, when there has been a departure of the proofs from the original pleadings.

There was no error in allowing such amendment, nor was it necessary that such amendment should be made in order to enable plaintiffs to obtain judgment.

The appeal should be dismissed.

HASKELL, A. J., concurred.

McIVER, A. J. Being unable to concur in the conclusion reached by a majority of the court in this case, it is but proper that I should indicate the grounds of my dissent. To do this intelligibly, it will be necessary to make a brief statement showing the nature of the case, and the facts developed on the trial as gathered from the record presented here.

The cause of action, as stated in the original complaint, was the alleged breach of *parol* contract entered into in April, 1873,

whereby the defendant was appointed the agent of the plaintiff, at Bath, by one of the terms of which the defendant undertook and promised not to deliver any goods or articles brought to that place by plaintiffs until the freight due thereon was paid; and the breach alleged was that defendant, " at divers times and on divers occasions before the 19th day of October, 1875," did deliver such goods and articles to a certain consignee without requiring the freight to be paid, and that the defendant has never accounted to plaintiff for such freight. The issues in the actions were referred to a referee for trial. It would seem, though the facts are very meagrely stated in the brief, that the plaintiff put in evidence, without objection from defendant, the bond of defendant set out in the brief, which seems to be a bond for the faithful performance of the duties of the office of agent.

This bond bears date July 1st, 1873, and was signed by two other persons as sureties, and it does not contain any provision binding the obligors to make good any defaults committed prior to its date.

Whether any other evidence, and if so, what, was offered does not appear. The defendant moved for a non-suit, upon the ground that the only contract proven was that evidenced by the bond, and as that was not alleged in the complaint the action should be dismissed. The motion was overruled by the referee, upon the ground that under the provisions of the code " the pleadings can be amended so as to conform to the facts as proven," and his ruling was sustained by the Circuit judge. It would seem, however, that the referee did not then grant an order that the complaint should be then amended and the defendant allowed an opportunity to answer such amended complaint, but that he then proceeded to render his decision, in which he says " the pleadings *may* be so amended as to conform to the proof." Accordingly, after exceptions to the report had been filed, the plaintiff's attorney served upon the defendant's attorney a notice that he would, " at the hearing of this cause, *upon the exceptions filed,* present to the Court of Common Pleas of this county the amended complaint herewith annexed, as in compliance with the requirement of said report in regard to the variance between the pleadings and proof herein."

The report of the referee was filed January 4th, 1878, but at what particular time the exceptions thereto were filed does not appear; manifestly, however, from the terms of the notice above quoted, before the notice of the amended complaint was served, which was on February 2d, 1878. The amended complaint alleges the bond as the cause of action.

From this statement it is clear that two separate and distinct contracts were set up against the defendant—one a *parol* contract, embracing the period between April and July 1st, 1873, upon which the defendant alone was liable, the other a contract by specialty, embracing the period after July 1st, 1873, upon which two other parties were liable, jointly and severally, with the defendant. To maintain the action on the first contract, which was the one alleged in the original complaint, it was necessary not only to prove such contract, but also to prove a breach of it during the time it was in force, between April and July 1st, 1873, and of this the bond certainly furnished no evidence whatever. In fact it only served to show that such a contract had been put an end to by merger. So that it is clear to my mind that there was an entire failure of proof, not only as to the contract sued upon but as to its breach.

It is said, however, that under the liberal provisions of the code, in regard to amendments, that the referee was justified in allowing the amendment. I am always disposed to give such a construction to the provisions of the code as will tend to simplify the pleadings in an action, but there certainly is a limit beyond which we should not go, and too great liberality, in this respect, will not only encourage careless and slovenly pleading, but will oftentimes defeat the ends of justice. To say that a party may bring his action upon one contract, and be allowed to recover upon another, which he has been permitted to prove without objection at the trial, is, in my judgment, a dangerous stretch of liberality. For aught that appears, in this very case, it may be that the defendant had one defence to the parol contract, commencing in April and ending July 1st, 1873, which was set out in the original complaint, and a totally different defence to the specialty contract commencing July 1st, 1873, which was proved by the bond offered in evidence. The fact that the bond was

M

received in evidence, without objection from defendant, cannot alter the case, for he might very well have thought that, though this evidence was irrelevant, and, therefore, objectionable, its admission could do him no harm, as so far from proving the fact in issue—the parol contract—upon which the action was brought, it rather tended to show that such parol contract was limited to a very short period of time. As is said in *Pom. on Rem.*, § 557, *p.* 603, upon the authority of *Johnson* v. *Moses*, 45 *Cal.* 515, in speaking of the rule upon this subject: "When the complaint sets forth a contract, and, on the trial, the plaintiff proved, without objection, a materially different one, and was, thereupon, non-suited, the non-suit was sustained; the court adding that the admission of the evidence, without objection, made no difference with the operation of the rule."

These two contracts are certainly materially different—one acts upon parol evidence, the other upon evidence, in writing, under seal; one embraces a particular period of time, the other embraces a different period; on the one the defendant is alone liable, while on the other he is jointly and severally liable with two other persons; and upon one the action, as the law then stood, would have been barred in six years, while on the other the statutory period was twenty years. It seems to me, therefore, that this was a case of entire failure of proof, and not a case of mere variance between the allegations and the proofs, and that under the rule, as stated by *Pomeroy*, §§ 553, 554, *pp.* 598–600, no amendment was allowable.

It was argued that there was really no need for an amendment, and that, in fact, the so-called amended complaint did not set out any different contract from that set out in the original complaint, and, therefore, the judgment below is not liable to any objection. Whether this be so may well be questioned, inasmuch as it is very certain that in the original complaint no mention whatever is made of the bond, and the only contract alluded to is that resting in parol, made when defendant was first appointed agent in April, 1873, while in the amended complaint the only contract mentioned is that evidenced by the bond made July 1st, 1873, and it is for the breach of *that* contract that damages are asked, as appears from the words " that notwith-

standing his obligation and *bond,* as aforesaid, but in violation of the *conditions of same,"* &c. But even were this so, and the amended complaint be regarded as based upon the parol contract alone, then there was no evidence of any *such* contract, the only evidence adduced upon that subject being the bond, which certainly did not prove the parol contract.

But even if the amendment were allowable, it does seem to me that the defendant should at least have been allowed the opportunity of answering the amended complaint, for, as I have heretofore suggested, it might be that his defence to the action on the contract, evidenced by the bond, was different from that to the action on the contract resting only in parol; whereas by the course pursued in this case the defendant who has been sued upon one contract has judgment rendered against him upon another contract, which, by amendment to the pleadings, has been inserted as the cause of action, which he has had no opportunity of answering. For, although the Circuit judge does say that to the amended complaint there is no answer, an expression well calculated to convey the impression that defendant had neglected to answer, yet, from what is above stated, it is very obvious that such was not his intention, for the defendant never had any opportunity of answering the amended complaint; or, at least, if he had answered, such answer could not have been considered, and, therefore, would have been of no avail, for no amendment was made until after the referee had filed his report finding judgment against the defendant, and after exceptions thereto had been filed, as is shown by the terms of the notice from the plaintiffs' attorney that he would, *" at the hearing of this case, upon the exceptions filed,* present to the Court of Common Pleas of this county the amended complaint hereto annexed," and at that stage of the case it is difficult to conceive of what avail an answer to the amended complaint would be, as the hearing then would necessarily be upon the exceptions to the report, and no new issues which might be raised by an answer to the amended complaint could have been considered.

I think, therefore, that the judgment of the Circuit Court should be set aside and a new trial ordered.

Appeal dismissed.